**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| _____ ) <br> HUMAN RESOURCE DEVELOPMENT ) <br> PRESS, INC., ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> IKON OFFICE SOLUTIONS, INC. ) <br> &IOS CAPITAL, INC. d/b/a ) <br> IKON FINANCIAL SERVICES, ) <br>     Defendants. ) <br> _____ ) | 3:05-CV-30068-KPN |

**PLAINTIFF'S MOTION PURSUANT TO RULE 15 (a) OF FEDERAL RULES OF CIVIL PROCEDURE FOR LEAVE, NUNC PRO TUNC, TO FILE FIRST AMENDED COMPLAINT**

Now Comes, Human Resource Development Press, Inc. (the "Plaintiff"), pursuant to Rule 15 (a) of the FRCP, and to the degree determined necessary seeks leave of this Court, nunc pro tunc to November 28th, 2005, to file the Plaintiff's First Amended Complaint[1]. In support thereof the Plaintiff state as follows:

**THE DEFENDANTS' MOTIONS TO DISMISS WERE NOT REPSONSIVE PLEADINGS & AS A RESULT THE PLAINTIFF HAD THE RIGHT TO FILE ITS AMENDED COMPLAINT PURSUANT TO 15 (a )**

The Plaintiff believes it had, as a matter of right, the ability to file its Amended Complaint without prior leave of Court. There is substantial legal authority that the Defendants' Motions to Dismiss did not constitute "responsive pleadings" (See, Doe v. United States, 58 F. 3d 494, 497 (9th Cir. 1995); Fortner

---

[1] Counsel for the Defendants has previously been electronically served with the Plaintiff's First Amended Complaint filed on November 28th, 2005 .

<u>v. Thomas</u>, 983 F. 2d 1032 (11th Cir. 1993). As a result, pursuant to Rule 15 (a), Plaintiff had the right to file its Amended Complaint without first filing a motion under the same rule. To the extent the Court does not rely upon the authority cited herein, Plaintiff seeks leave to file its Amended Complaint as is set forth herein, nunc pro tunc to November 28th, 2005.

### **PRIOR COURT AUTHORITY TO FILE AMENDED COMPLAINT**

On September 20th, 2005, the Court heard oral argument on the Defendants Motion To Dismiss the Plaintiff's complaint. During said oral argument Counsel for the Plaintiff identified the need to amend the complaint in order to clarify the facts relating to Plaintiff's allegations of fraud and misrepresentation. Additionally, during oral argument, the Plaintiff indicated that if the contracts it executed were "lease" agreements, as asserted by the Defendants in their memorandums of law, then certain provisions of M.G.L. c. 106 2A et seq. were applicable and that and the Plaintiff would have certain additional legal claims for the breach of the same and that the Plaintiff would have an additional cause of action to be added to its complaint.

As a result of these arguments, disclosures to the Court and the colloquy with the Court, Counsel for the Plaintiff believed that the Court had orally consented to the Plaintiff filing its amended complaint and in fact believed the Court requested the same. As a result, Counsel for the Plaintiff believed the Plaintiff had authority to file its amended complaint. To the extent said authority

was not granted, Counsel apologizes for filing said Amended Complaint prior to filing a Rule 15 (a) motion and requests, as is set forth herein, leave, nunc pro tunc to November 28th, to file the same.

### **LEAVE TO FILE AMENDMENTS TO PLEADINGS SHALL BE FREELY GRANTED**

Plaintiff seeks leave of this Court to file its Amended Complaint very early in this civil action before the Defendants' answers have been filed and before the commencement of any discovery. Additionally, as cited herein, the Plaintiff indicated to this Court on September 20th, 2005 the Plaintiff's need and desire to amend its complaint.

The United States Supreme Court has clearly indicated that the phrase contained in Rule 15 (a) "leave to amend a pleading shall be freely given when justice so requires" is a mandate not just a suggestion. (See, Foman v. Davis, 371 U.S. 178, 181 (1962); Pyramid Company of Holyoke v. Homeplace Stores Two, Inc. 175 F.R.D. 415 (U.S.D.C. Mass. 1997). As a result of applicable law and the very early stage in this proceeding in which this motion has been filed, leave to amend the Plaintiff's complaint should be "freely given" and permission to file the Plaintiff's previously filed First Amended Complaint should be given, nunc pro tunc, to November 28th, 2005.

WHEREEFORE, Plaintiff respectfully prays this Court, to the degree determined necessary, for an Order authorizing the Plaintiff to file, nunc pro tunc to November 28th, 2005, the Plaintiff's First Amended Complaint.

Respectfully submitted this the 9th day of December, 2005.

HUMAN RESOURCE
DEVELOPMENT PRESS, INC.

/S/ David J. Noonan
David J. Noonan, Esq.
Amherst, MA 01002
Tel. 413-549-5491
Fax: 413-549-5156
BBO#373260

## CERTIFICATE OF SERVICE

I, DAVID J. NOONAN, ESQ., hereby certify that on the 9th day of December, 2005 a copy of the herein PLAINTIFF'S MOTION PURSUANT TO RULE 15 (a) OF FEDERAL RULES OF CIVIL PROCEDURE FOR LEAVE, NUNC PRO TUNC, TO FILE FIRST AMENDED COMPLAINT was served by electronic mail notice upon the counsel and/or parties listed below or served by first class, regular mail, postage prepaid to all parties listed as receiving service by mail.

/s/ David J. Noonan, Esq.

The following is the list of attorneys who are currently on the list to receive e-mail notices and service for this case.

- **Bradford S. Babbitt**     Brett Boskiewicz
  bbabbitt@rc.com             bboskiewicz@rc.com

The following is the list of attorneys who are currently on the list to receive service and notices for this case by regular mail.

**None**