UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS, INC.<br>Plaintiff<br>v.<br><br>IKON OFFICE SOLUTIONS, INC.<br>& IOS CAPITAL, INC. d/b/a<br>IKON FINANCIAL SERVICES<br>Defendants. | 3:05-CV-30068-KPN |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The Defendant IKON Office Solutions, Inc. ("IKON") answers the Plaintiff's First Amended Complaint as follows. At the outset, IKON notes that the other named defendant, IOS Capital, Inc. d/b/a/ IKON Financial Services, does not exist. That entity's successor, IOS Capital, LLC, was merged into IKON Office Solutions, Inc. on March 30, 2004. Therefore, IKON will answer this First Amended Complaint as the sole defendant and requests that the Plaintiff or Court take the necessary steps to correct the named defendant in this case.

1.  IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1 and therefore leave the Plaintiff to its proof.

2.  IKON admits that it is a corporation incorporated under the laws of Ohio and has a place of business at 855 Winding Brook Drive, Glastonbury, Connecticut 06033. IKON denies the remaining allegations of paragraph 2.

3.  Denied. IOS Capital, Inc. d/b/a/ IKON Financial Services does not exist. That entity's successor, IOS Capital, LLC, was merged into IKON Office Solutions, Inc. on March 30, 2004.

## JURISDICTION

4.  IKON admits that, based on the Plaintiff's allegations, this Court has subject matter jurisdiction.

5.  Admitted.

## FACTUAL ALLEGATIONS

6.  IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 and therefore leave the Plaintiff to its proof.

7.  IKON admits that it is in the general business of providing document reproduction services and equipment. IKON denies that the allegations of paragraph 7 accurately or completely characterize the nature of its business. IKON also denies the allegations in the last sentence of paragraph 7.

8.  IKON admits that on or about May 20, 1998 HRD Press and IKON entered into a contract. IKON denies the remaining allegations of paragraph 8.

9.  IKON admits that it provided HRD Press with two copiers, an Oce 3100 and an Oce 3165 ("First Equipment") in May 1998. The remaining allegations of paragraph 9 draw a legal conclusion about the nature of the transaction between IKON and HRD Press – which is a matter for the Court to decide in this case – namely, whether the transaction was a lease or a sale.

10. Paragraph 10 refers to and characterizes the terms of a document that speak for themselves.

11. Paragraph 11 refers to and characterizes the terms of a document that speak for themselves and states a legal conclusion about the parties' contractual obligations and rights.

12. Paragraph 12 refers to and characterizes the terms of a document that speak for themselves and states a legal conclusion about the parties' contractual obligations and rights.

13.  IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 and therefore leave the Plaintiff to its proof.

14.  IKON admits that it delivered the First Equipment to HRD Press in May 1998.

15.  IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 15 and therefore leave the Plaintiff to its proof.

16.  IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16 and therefore leave the Plaintiff to its proof.

17.  Denied.

18.  IKON admits that on or about June 19, 2000, HRD Press and IKON entered into an agreement entitled Product Schedule Copy Management Agreement ("Second Agreement") and that a copy of that agreement is attached to the First Amended Complaint as Exhibit B. IKON lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 18 and therefore leave the Plaintiff to its proof.

19.  Paragraph 19 refers to and characterizes the terms of a document that speak for themselves and states a legal conclusion about the parties' contractual obligations and rights.

20.  Paragraph 20 refers to and characterizes the terms of a document that speak for themselves and states a legal conclusion about the parties' contractual obligations and rights.

21.  Paragraph 21 refers to and characterizes the terms of a document that speak for themselves and states a legal conclusion about the parties' contractual obligations and rights.

22.  IKON lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 22 and therefore leave the Plaintiff to its proof. IKON denies the remaining allegations in paragraph 22.

23. IKON lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 23 and therefore leave the Plaintiff to its proof. IKON denies the remaining allegations in paragraph 23.

24. IKON admits that HRD Press surrendered the First Equipment to IKON around the time HRD Press accepted delivery of the Second Equipment. Without knowing at what time to which the plaintiff refers or how the plaintiff is using the terms "credit" and "price concession", IKON lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of paragraph 24.

25. Admitted.

26. IKON admits that one of HRD Press's legal arguments in this case has been that the First Agreement and Second Agreement are purchase and sale agreements and not lease agreements.

27. IKON admits that it has not informed HRD Press how it disposed of the First Equipment and whether IKON received any value if and when it disposed of the First Equipment, but denies the remaining allegations of paragraph 27.

28. Admitted.

29. IKON admits that the remaining payments due on the First Agreement at the time HRD Press executed the Second Agreement were incorporated into the Second Agreement, but lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 29.

30. IKON lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 30 and therefore leave the Plaintiff to its proof. IKON denies the remaining allegations in paragraph 30.

31.  IKON lacks sufficient knowledge or information to admit or deny the allegations in the first and second sentences of paragraph 31 and therefore leave the Plaintiff to its proof. IKON denies the remaining allegations in paragraph 31.

32.  IKON lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 32 and therefore leave the Plaintiff to its proof. IKON denies the remaining allegations in paragraph 32.

33.  IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33 and therefore leave the Plaintiff to its proof.

34.  IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34 and therefore leave the Plaintiff to its proof.

35.  IKON lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of paragraph 35 and therefore leave the Plaintiff to its proof. IKON denies the remaining allegations in paragraph 35.

36.  Denied.

37.  IKON denies that it "consistently sought to impose and collect unjustified fees and charges for service/maintenance and supplies." The remaining allegations in paragraph 37 refer to and characterize the terms of a document that speak for themselves and state legal conclusions about the parties' contractual obligations and rights and therefore no response is required.

38.  IKON admits that around November 2003 it gave HRD Press the document titled "Financial Summary" attached as Exhibit D to the First Amended Complaint, but denies that that document includes all of HRD Press's legal obligations to IKON. The remaining allegations of paragraph 38 characterize the terms of a document that speak for themselves.

39.     IKON lacks sufficient knowledge or information to admit or deny the allegations in paragraph 39 and therefore leaves the Plaintiff to its proof.

40.     Denied.

41.     IKON admits that the Second Equipment Monthly Charges included 36 monthly payments of $1,772.88 followed by 36 monthly payments of $2,749.12 and that these 72 monthly payments represented the amount remaining due on the First Agreement at the time HRD Press executed the Second Agreement. IKON denies that the sum of these payments totals $162,760.32 as alleged. IKON also denies the remaining allegations of paragraph 41.

42.     Denied.

43.     IKON admits that the Second Equipment Monthly Charges include the amount remaining due on the First Agreement at the time HRD Press executed the Second Agreement, but denies the remaining allegations of paragraph 43.

44.     Denied.

45.     Denied.

46.     Admitted.

47.     Admitted.

48.     IKON admits that it received the Demand Letter attached to the First Amended Complaint as Exhibit E and that the Demand Letter is dated September 20, 2004, but lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 48.

49.     IKON admits that it has not tendered a settlement offer in response to the Demand Letter. The remaining allegations in paragraph 49 state a legal conclusion to which no response is required.

6

## COUNT I

### (Fraud and Misrepresentation as to Pricing)

50. – 55.   The Court has dismissed Count I and therefore no response is required.

## COUNT II

### (Fraud and Misrepresentation as to First Agreement Payment Obligations)

56.   IKON incorporates its responses to paragraphs 1-49 as its response to this paragraph 56.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied.

## COUNT III

### (Usury – Violation of M.G.L. c. 271 § 49)

61. – 63.   The Court has dismissed Count III and therefore no response is required.

## COUNT IV

### (Failure to Dispose of Collateral in a Commercially Reasonable Manner – Violation of M.G.L. c. 106)

64.   IKON incorporates its responses to paragraphs 1-49 as its response to this paragraph 64.

65.   Paragraph 65 states a legal conclusion to which no response is required.

66.   Denied.

## COUNT V

### (Failure to Dispose of Collateral in a Commercially Reasonable Manner)

67. – 69.   The Court has dismissed Count V and therefore no response is required.

## COUNT VI

### (Breach of the Covenant of Good Faith and Fair Dealing)

70. – 72.    The Court has dismissed Count VI and therefore no response is required.

## COUNT VII

### (Violation of M.G.L. c. 93A)

73.    IKON incorporates its responses to paragraphs 1-49 as its response to this paragraph 73.

74.    Paragraph 65 states a legal conclusion to which no response is required.

75.    The first sentence of paragraph 75 states a legal conclusion to which no response is required. IKON denies the second sentence of paragraph 75.

76.    Denied.

## AFFIRMATIVE DEFENSE

The applicable statute of limitations bars the plaintiff's claims.

DEFENDANTS
IKON OFFICE SOLUTIONS, INC. and IOS CAPITAL, INC.

By _____
Bradford S. Babbitt (BBO# 566390)
e-mail: bbabbitt@rc.com
Brett J. Boskiewicz (BBO# 656545)
e-mail: bboskiewicz@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Dated: February 15, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 15, 2006

*/s/ Brett Boskiewicz*
Brett J. Boskiewicz