UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                   )
HUMAN RESOURCE DEVELOPMENT )
PRESS, INC.,                       )
    Plaintiff,                     )
                                   )
v.                                 )       3:05-CV-30068-KPN
                                   )
IKON OFFICE SOLUTIONS, INC.        )
& IOS CAPITAL, INC. d/b/a          )
IKON FINANCIAL SERVICES,           )
    Defendants.                    )
_____)


**<u>PLAINTIFF'S MOTION PURSUANT TO RULE 19 (a) & 20 (a) OF FEDERAL RULES OF CIVIL PROCEDURE FOR LEAVE TO JOIN AS PARTY DEFENDANTS GE CAPITAL &/OR GE COMMERCIAL FINANCE</u>**

Now Comes, Human Resource Development Press, Inc. (the "Plaintiff"), pursuant to Rule 19 (a) and 20 (a) of the FRCP, and seeks leave to join as party defendants GE Capital and/or GE Commercial Finance. In support thereof the Plaintiff states as follows:

1) The gravaman of Plaintiff's Amended Complaint relates to, inter alia, an agreement executed on or about June 19, 2000 concerning certain Cannon photocopying equipment ("Second Agreement").

2) Counsel for Ikon Office Solutions, Inc. and IOS Capital, Inc. ("Defendants") have indicated, both orally and in writing, that one of the Defendants or alternatively IKON Office Solutions, Inc., the alleged successor in interest to the Defendants, at some undisclosed point in time in the years 2004 or

2005, transferred sold and assigned all of said Defendants' right title and interest in the Second Agreement, as part of a large "bundled" sale of commercial paper to one of the two above identified financial subsidiaries of General Electric Company.

    3) Plaintiff, through counsel, has made numerous requests of counsel for the Defendants to provide a copy of any of said assignment documents and/or to further identify the assignee of the Second Agreement. In March 2006 counsel for the Defendants responded in writing and indicated they did not presently have the time to provide such information and referred the Plaintiff to the Security and Exchange Commission's ("SEC") online search engine "EDGAR".  After conducting a search of EDGAR, the Plaintiff has determined that during the calendar year 2004 and 2005 for both Defendants there were more than 160 registrations of transactions with the SEC. As a result, determining the assignee of the Second Agreement is not a simple "goggle" search and will incur a substantial amount of the Plaintiff's time.

    4) Plaintiff has recently renewed its request to the Defendants for their voluntary disclosure of the identity of the assignee of the Second Agreement, however counsel for the Defendants has failed to respond to the same.

    5) Plaintiff is, simultaneous with the filing of this Motion, serving certain discovery requests upon the Defendants through which it, inter alia, seeks the identity of said assignee and copies all the relevant assignment documents.

    6) In light of the present discovery schedule and so as to not prejudice the Plaintiff's rights, Plaintiff seeks leave, in advance of Defendants responses to

discovery, to join GE Capital and/or GE Commercial Finance as they may be the assignee of the Second Agreement.

 7) Because it is believed that GE Capital and/or GE Commercial Finance is the assignee of the Second Agreement, the Plaintiff cannot obtain complete relief for its claims without said entities being joined as Defendants in this civil action. This is because regardless of whether the Second Agreement is determined to be a "disguised sale" agreement or a lease agreement either entity may seek to collect payments from the Plaintiff or seek the return of the photocopying equipment itself. Either attempt would be opposed by the Plaintiff. Additionally, since the Plaintiff learned in February 2006 of the alleged assignment of the Second Agreement, the statute of limitations for the Plaintiff's claims versus the "assignee" began to run at the same time.

 8) Plaintiff represents that since both GE Capital and/or GE Commercial Finance are "citizens" of a state different from that of the Plaintiff and because the matter involves damages in excess of $75,000, there are no procedural or jurisdictional bars to joining of either or both GE Capital and/or GE Commercial Finance as party Defendants.

 WHEREEFORE, Plaintiff respectfully prays this Court for an Order authorizing the Plaintiff to join GE Capital and/or GE Commercial Finance as party defendants and serve upon the same the Plaintiff's presently pending First Amended Complaint as it will be amended to properly identify said new party defendants as an assignee of the Second Agreement.

3

Respectfully submitted this the 30th day of June, 2006.

                HUMAN RESOURCE
                DEVELOPMENT PRESS, INC.

                /S/ David J. Noonan
                David J. Noonan, Esq.
                Amherst, MA 01002
                Tel. 413-549-5491
                Fax: 413-549-5156
                BBO#373260

## **CERTIFICATE OF SERVICE**

I, DAVID J. NOONAN, ESQ., hereby certify that on the 30th day of June, 2006 a copy of the herein PLAINTIFF'S MOTION PURSUANT TO RULE 19 (a) & 20 (a) OF FEDERAL RULES OF CIVIL PROCEDURE FOR LEAVE TO JOIN AS PARTY DEFENDANTS GE CAPITAL &/OR GE COMMERCIAL FINANCE was served by electronic mail notice upon the counsel and/or parties listed below or served by first class, regular mail, postage prepaid to all parties listed as receiving service by mail.

                              /s/ David J. Noonan, Esq.

The following is the list of attorneys who are currently on the list to receive e-mail notices and service for this case.

- **Bradford S. Babbitt**    **Brett Boskiewicz**
  bbabbitt@rc.com    bboskiewicz@rc.com

The following is the list of attorneys who are currently on the list to receive service and notices for this case by regular mail.

    **None**