# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

HUMAN RESOURCE DEVELOPMENT     :
PRESS INC.,                             :
                                      :
        Plaintiff,                 :
                                      :     3:05-CV-30068-KPN
v.                                     :
                                      :
IKON OFFICE SOLUTIONS, INC. &   :
IOS CAPITAL, INC. d/b/a IKON       :
FINANCIAL SERVICES,           :
                                      :
        Defendants.           :

## DEFENDANT IKON OFFICE SOLUTIONS, INC.'S
## MOTION TO QUASH DEPOSITION SUBPOENAS

The defendant IKON Office Solutions, Inc. ("IKON") hereby moves pursuant to Fed. R.

Civ. P. 45 to quash nine subpoenas that the plaintiff Human Resource Development Press, Inc.

("HRD") attempted to serve on December 5, 2006. The Court issued an order on September 7,

2006 that allowed HRD to take the depositions that it had noticed prior to that date by

December 15, 2006. Therefore, the nine subpoenas that HRD attempted to serve on December 5,

2006 are improper and outside the Court's September 7, 2006 order. In addition, the attempted

service on counsel for IKON by HRD's attorney does not comply with Rule 45's service

requirements.

## I.    **Relevant Factual Information**

On September 7, 2006, this Court issued a scheduling order that allowed HRD to take the depositions that it had noticed prior to that date by December 15, 2006. At the time of that order, HRD had noticed the deposition of Mr. Glenn Robbins and the Rule 30(b)(6) deposition of IKON Office Solutions, Inc.

On December 1, 2006, counsel for HRD contacted undersigned counsel for IKON by e-mail and inquired whether undersigned counsel would accept service of subpoenas for certain identified individuals. A copy that December 1, 2006 e-mail is attached as Exhibit 1. Counsel for IKON responded to that e-mail by letter on December 4, 2006 and informed HRD that it would not accept service of these subpoenas because (1) the Court's September 7, 2006 order did not allow HRD to take additional depositions and (2) HRD has consistently taken the position that discovery has closed, despite receiving several overtures from IKON and its motion to revise the scheduling order to complete additional discovery. A copy of the December 4, 2006 letter is attached as Exhibit 2.[1]

On December 5, 2006, during the deposition of Glenn Robbins, HRD's counsel handed nine depositions subpoenas (the "Subpoenas") to counsel for IKON. Copies of the Subpoenas are attached as Exhibit 3. Counsel for IKON again informed HRD's counsel that IKON would not accept service of the Subpoenas. On December 8, 2006, HRD's counsel contacted IKON's counsel by e-mail and stated his position that IKON's refusal to accept service of the Subpoenas was improper. A copy of that e-mail is attached as Exhibit 4. IKON's counsel responded to this

---

[1] The December 4, 2006 letter and IKON's counsel's verbal objection to the subpoenas on December 5, 2006 put HRD on notice of IKON's objection to the subpoenas and therefore put the burden on HRD to move to compel compliance. *See* Fed. R. Civ. P. 45(c)(2)(B). IKON has opted to file this motion in an abundance of caution to ensure that its objections and rights are preserved and to provide the Court with background materials should this issue arise at the December 19, 2006 case management conference.

e-mail by letter on December 14, 2006 and maintained its objection to the Subpoenas. A copy of that letter is attached as Exhibit 5.

**II.    Legal Argument**

    **A.    The Court's September 7, 2006 order prohibits HRD from noticing additional depositions.**

The Court's September 7, 2006 order reads in relevant part: "Pltf shall take the noticed depos of Defts by 12/15/2006." As of September 7, 2006, HRD had noticed the depositions of Glenn Robbins and the Rule 30(b)(6) deposition of IKON. Accordingly, the Subpoenas issued on December 5, 2006 requesting nine additional depositions are improper.

    **B.    HRD's attempted service of the Subpoenas does not comply with Rule 45.**

Rule 45 allows "any person who is not a party and is not less than 18 years of age" to serve a subpoena. The rule also requires party issuing a subpoena seeking testimony to "[tender] to that person the fees for one day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). HRD's attempted service on IKON's counsel does not comply with Rule 45 for several reasons. HRD's attorney, not an indifferent person, purportedly served the subpoenas in hand to IKON's counsel on December 5, 2006. All of the subpoenas seek testimony but did not tender the fees required by Rule 45. And, finally, at least three of the subpoenas are directed to former IKON employees – Michael T. Smith, Doug Thornton, and David Young. IKON does not have the authority accept service on behalf of these individuals. Accordingly, the purported service of the Subpoenas was improper.

WHEREFORE, IKON Office Solutions, Inc. respectfully requests that the Court quash the nine subpoenas that were purportedly served on it on December 5, 2006.

DEFENDANT,
IKON OFFICE SOLUTIONS, INC.

By   /S/ Brett J. Boskiewicz
    Bradford S. Babbitt (BBO# 566390)
    e-mail: bbabbitt@rc.com
    Brett J. Boskiewicz (BBO# 656545)
    e-mail: bboskiewicz@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT  06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299

Dated:  December 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that Defendant IKON Office Solutions, Inc.'s Motion to Quash

Deposition Subpoenas filed through the ECF system will be sent electronically to the registered

participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent

to those indicated as non-registered participants on December 14, 2006

/ S / Brett J. Boskiewicz
Brett J. Boskiewicz

# EXHIBIT 1

**Boskiewicz, Brett**

**From:** David J Noonan, Esq. [david.noonan@verizon.net]
**Sent:** Friday, December 01, 2006 4:01 PM
**To:** Boskiewicz, Brett
**Cc:** HRD PRESS

December 1, 2006

Brett

Please confirm whether you will accept service of my deposition subpoenas for the following employees of your client or whether I should serve the same directly upon the employees at their place of business.

The employees I seek to depose are those identified in your answer to interrogatory No. 2. Because the answer to said interrogatory does not provide even a general outline of their anticipated testimony or what facts they have knowledge of it is impossible for me to discern whether or not it is necessary to depose each identified "witness". As a result, I have prepared subpoenas for most of the employees you have identified,
namely Paul Lee,  Joe McGrath, Doug Thornton, Al Maximino, Mike Fusaro, Michael T. Smith & David M. Young.

I seek to conduct these depositions on December 12, 13 and 14th at either your offices or your client's corporate headquarters in Connecticut.

Please let me know by end of day on Monday December 4th, whether you will accept said service. If you will accept service of said deposition subpoenas I will forward them by overnight mail, fax or e-mail, whichever you prefer.


Regards,


David J. Noonan, Esq.

# EXHIBIT 2

# ROBINSON & COLE LLP

BRETT J. BOSKIEWICZ

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
bboskiewicz@rc.com
Direct (860) 275-8289

Also admitted in Massachusetts

*Via Facsimile and U.S. Mail*

December 4, 2006

David J. Noonan, Esq.
Attorney at Law
Suite 1
228 Triangle Street
Amherst, MA 01002

**Re:** ***Human Resource Development Press Inc. v.***
***IKON Office Solutions, Inc., et al.***
***Civil Action No.: 3:05-CV-30068-KPN***

Dear Dave:

I write in response to your December 1, 2006 e-mail inquiring whether I will accept service of certain subpoenas for additional depositions that you would like to notice.

You have consistently taken the position over the past few months that discovery in this case is closed. You have refused to agree on a new scheduling order that would accommodate the completion of discovery. Your current intention to depose additional witnesses is inconsistent with your position and with the only scheduling order in place. The court's September 7, 2006 order allowed HRD to conduct the depositions that it had noticed at that time, which only included a Rule 30(b)(6) deposition of IKON and a deposition of Glenn Robbins, by December 15, 2006. HRD therefore does not have the right to notice any further depositions at this time. Accordingly, I will not agree to accept service of any deposition subpoenas. IKON will object and move for a protective order if you choose to ignore the court's order and serve any IKON employees with subpoenas or attempt to notice any further depositions.

Interrogatory No. 2 asked IKON to "state in detail the testimony which the person so identified [in IKON's response to Interrogatory No. 1] will provide at the trial" of this lawsuit. IKON maintains its objections to Interrogatory No. 2. IKON has not decided who it will call as witnesses at trial, which, as you know, has not been



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

# ROBINSON & COLE LLP

David J. Noonan, Esq.
December 4, 2006
Page 2

scheduled. IKON will provide such supplemental responses to Interrogatory No. 2 and pre-trial disclosures as may be required by the Federal Rules of Civil Procedure or court order in this case.

I should remind you that I have proposed scheduling orders that would continue discovery on numerous occasions since August and that you have refused every one of these offers. If you have re-evaluated your position regarding this issue, please let me know.

Sincerely,

Brett J. Boskiewicz



# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS, INC., <br> Plaintiff, <br><br> v. <br><br> IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, <br> Defendants. | 3:05-CV-30068-KPN |

## SUBPOENA DUCES TECUM
## PURSUANT TO RULE 45 OF
## FEDERAL RULES OF CIVIL PROCEDURE

TO:  Paul Lee
      C/O Brett Boskiewicz, Esq.
      Robinson & Cole, LLP
      280 Trumbull St,
      Hartford, CT 06103.

GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 12, 2006 commencing at 10 A.M. and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the __1st__ day of December, 2006.

_Bonnie DiCola_
, Notary Public

My Commission Expires:

BONNIE L. DICOLA
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov 20, 2009

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December __1st__, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: __12-1-06__

_Officer/Process Server_

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
HUMAN RESOURCE DEVELOPMENT )
PRESS, INC., )
      Plaintiff, )
)
v. )          3:05-CV-30068-KPN
)
IKON OFFICE SOLUTIONS, INC. )
& IOS CAPITAL, INC. d/b/a )
IKON FINANCIAL SERVICES, )
      Defendants. )
)

**SUBPOENA DUCES TECUM
PURSUANT TO RULE 45 OF
FEDERAL RULES OF CIVIL PROCEDURE**

TO: Doug Thornton
     C/O Brett Boskiewicz, Esq.
     Robinson & Cole, LLP
     280 Trumbull St,
     Hartford, CT 06103.


    GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 12, 2006 commencing at 11 A.M. and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the ___1st___ day of December, 2006.

_Bonnie L. DiCola_
_____, Notary Public

My Commission Expires:

> BONNIE L. DICOLA
> Notary Public
> Commonwealth of Massachusetts
> My Commission Expires Nov 20, 2009

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 5th, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: 12-1-06

_____
Officer/Process Server

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC.<br>& IOS CAPITAL, INC. d/b/a<br>IKON FINANCIAL SERVICES,<br>　　　Defendants. | 3:05-CV-30068-KPN |

## SUBPOENA DUCES TECUM
## PURSUANT TO RULE 45 OF
## FEDERAL RULES OF CIVIL PROCEDURE

TO:  Joe McGrath
　　　C/O Brett Boskiewicz, Esq.
　　　Robinson & Cole, LLP
　　　280 Trumbull St,
　　　Hartford, CT 06103.


GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 12, 2006 commencing at 12 Noon and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the __1st__ day of December, 2006.

_____, Notary Public

My Commission Expires:

BONNIE L. DICOLA
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov 20, 2009

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December __5th__, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: 12-1-06

_____
Officer/Process Server

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ⸻⸻⸻⸻⸻ ) | |
| HUMAN RESOURCE DEVELOPMENT ) | |
| PRESS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 3:05-CV-30068-KPN |
| ) | |
| IKON OFFICE SOLUTIONS, INC. ) | |
| & IOS CAPITAL, INC. d/b/a ) | |
| IKON FINANCIAL SERVICES, ) | |
|     Defendants. ) | |
| ⸻⸻⸻⸻⸻ ) | |

**SUBPOENA DUCES TECUM
PURSUANT TO RULE 45 OF
FEDERAL RULES OF CIVIL PROCEDURE**

TO:  Al Maximino
     C/O Brett Boskiewicz, Esq.
     Robinson & Cole, LLP
     280 Trumbull St,
     Hartford, CT 06103.


     GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 12, 2006 commencing at 2 P.M. and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the 1st day of December, 2006.

_Bonnie D Cole_____
, Notary Public

My Commission Expires

BONNIE L. DICOLA
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov 20, 2009

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 5th, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: 12-1-06

_____
Officer/Process Server

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS, INC., <br>     Plaintiff, <br><br> v. <br><br> IKON OFFICE SOLUTIONS, INC. <br> & IOS CAPITAL, INC. d/b/a <br> IKON FINANCIAL SERVICES, <br>     Defendants. | 3:05-CV-30068-KPN |

**SUBPOENA DUCES TECUM
PURSUANT TO RULE 45 OF
FEDERAL RULES OF CIVIL PROCEDURE**

TO:  Kenneth Stearns
     C/O Brett Boskiewicz, Esq.
     Robinson & Cole, LLP
     280 Trumbull St,
     Hartford, CT 06103.


GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 13, 2006 commencing at 12 Noon and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the $\underline{1^{st}}$ day of December, 2006.

_Bonnie DiCola_
_____, Notary Public

My Commission Expires:

> BONNIE L. DICOLA
> Notary Public
> Commonwealth of Massachusetts
> My Commission Expires Nov 20, 2009

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December _5th_, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: _12-1-06_

_____
Officer/Process Server

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS, INC., <br>      Plaintiff, <br><br> v. <br><br> IKON OFFICE SOLUTIONS, INC. <br> & IOS CAPITAL, INC. d/b/a <br> IKON FINANCIAL SERVICES, <br>      Defendants. | 3:05-CV-30068-KPN |

**SUBPOENA DUCES TECUM**
**PURSUANT TO RULE 45 OF**
**FEDERAL RULES OF CIVIL PROCEDURE**

TO:  David M. Young
     C/O Brett Boskiewicz, Esq.
     Robinson & Cole, LLP
     280 Trumbull St,
     Hartford, CT 06103.


GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 13, 2006 commencing at 11 A.M. and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the $\underline{1^{st}}$ day of December, 2006.

_____
, Notary Public

My Commission Expires:

BONNIE L. DICOLA
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov 20, 2009

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 6th, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: 12-1-06

_____
Officer/Process Server

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HUMAN RESOURCE DEVELOPMENT )
PRESS, INC., )
  Plaintiff, )
 )
v. )    3:05-CV-30068-KPN
 )
IKON OFFICE SOLUTIONS, INC. )
& IOS CAPITAL, INC. d/b/a )
IKON FINANCIAL SERVICES, )
  Defendants. )

## **SUBPOENA DUCES TECUM**
## **PURSUANT TO RULE 45 OF**
## **FEDERAL RULES OF CIVIL PROCEDURE**

TO:  Mike Fusaro
  C/O Brett Boskiewicz, Esq.
  Robinson & Cole, LLP
  280 Trumbull St,
  Hartford, CT 06103.


GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 12, 2006 commencing at 3 P.M. and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the 1st day of December, 2006.

_Bonnie DiCole_
_____, Notary Public

My Commission Expires:

> BONNIE L. DICOLA
> Notary Public
> Commonwealth of Massachusetts
> My Commission Expires Nov 20, 2009

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December _____, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: 12-1-06

_____
Officer/Process Server

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HUMAN RESOURCE DEVELOPMENT ) PRESS, INC., )     Plaintiff, ) ) v. ) ) IKON OFFICE SOLUTIONS, INC. ) & IOS CAPITAL, INC. d/b/a ) IKON FINANCIAL SERVICES, )     Defendants. ) | 3:05-CV-30068-KPN |

## SUBPOENA DUCES TECUM
## PURSUANT TO RULE 45 OF
## FEDERAL RULES OF CIVIL PROCEDURE

TO:  Jeff Snyder
      C/O Brett Boskiewicz, Esq.
      Robinson & Cole, LLP
      280 Trumbull St,
      Hartford, CT 06103.

GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 13, 2006 commencing at 2 P.M. and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the *4th* day of December, 2006.

_____, Notary Public

My Commission Expires:

JAN A. GALLANT
Notary Public
Commonwealth of Massachusetts
My Commission Expires Apr 13, 2012

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December *5th*, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: 12-4-06

_____
Officer/Process Server

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMER RESOURCE DEVELOPMENT PRESS, INC., Plaintiff, v. IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, Defendants. | 3:05-CV-30068-KPN |

HUMAN RESOURCE DEVELOPMENT )
PRESS, INC., )
     Plaintiff, )
)
v. )           3:05-CV-30068-KPN
)
IKON OFFICE SOLUTIONS, INC. )
& IOS CAPITAL, INC. d/b/a )
IKON FINANCIAL SERVICES, )
     Defendants. )

**SUBPOENA DUCES TECUM
PURSUANT TO RULE 45 OF
FEDERAL RULES OF CIVIL PROCEDURE**

TO: Michael T. Smith
     C/O Brett Boskiewicz, Esq.
     Robinson & Cole, LLP
     280 Trumbull St,
     Hartford, CT 06103.

     GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United

States District Court and pursuant to F. R. of Civ. P. 45 (b) (2) to appear and give

testimony before a Notary Public of the State of Connecticut & Massachusetts, or

before some other officer authorized by law to administer oaths, at the office of

Defendant's Counsel Robinson & Cole, LLP, 280 Trumbull St, Hartford, CT 06103 on

December 13, 2006 commencing at 10 A.M. and continuing thereafter until completed,

and to testify, by way of deposition, as to said designated person's (s') knowledge of the

1

matters relating to the Plaintiff's Amended Complaint and the Defendants' Answer to the same.

DATED at Amherst, Massachusetts the ___ day of December, 2006.

_____
, Notary Public

My Commission Expires:

BONNIE L. DICOLA
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov 20, 2009

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December ___, 2006, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight express mail to Defendant's Counsel, Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated: 12-1-06

_____
Officer/Process Server

.2

# EXHIBIT 4

## Boskiewicz, Brett

**From:** David J Noonan, Esq. [david.noonan@verizon.net]
**Sent:** Friday, December 08, 2006 6:08 PM
**To:** Boskiewicz, Brett
**Cc:** HRD PRESS

December 8, 2006

Brett

This e-mail is sent to you pursuant to Local Rule 37.1 and is an attempt to resolve the following discovery disputes.

1) I am in receipt of your letter dated December 4, 2006 where you have indicated that you will not accept service of and alternatively will seek a protective order should I seek to serve the nine (9) Deposition Subpoenas that I have provided to you and discussed in my e-mail to you dated December 1. We further discussed this issue in person on December 5th. Your client's refusal to allow HRD to conduct these further depositions is inappropriate and unjustified for the following reasons:

   A) your client did not respond to my interrogatories in a timely fashion and the first time I knew of the names of any of the individuals I seek to depose was on September 7, 2006 when you "served" in hand, while we were before the Court for a scheduled status conference, your client's answers to interrogatories. Pursuant to the Court's order, discovery may continue through December 15, 2006.  Thus your position that, because I had not previously scheduled said depositions, which would have been literally impossible, before September 7, 2006, the date of the Court's Order, I am now prevented from conducting said depositions is not rational. I request that your client change its position with respect to these depositions.

2) During our recent deposition sessions of December 5th and 6th we have discussed your position with respect to my e-mail to you dated November 30, 2006. I regret that we were not able to resolve this particular discovery dispute.

3) I was particularly disturbed to learn from Mr. Snyder, your client's designated Rule 30 (b)(6) designee, that he was not selected to be said designee after consultation amongst and between appropriate members of IKON's management team, who could best identify who was most able to provide accurate and complete testimony on the 22 separate subject matters identified in my Notice of Deposition, but rather that he was selected by you. As you are aware, having heard his testimony, there were certain subject matters that he knew nothing about and for which he took no steps to inform himself. Additionally he frequently referred to other IKON employees as people who could answer my questions.  I believe that your selection of the Rule 30 (b)(6) designee is highly inappropriate.  I believe it is further evidence of IKON's continued refusal to allow HRD to conduct appropriate discovery. I also believe your actions may well be in violation of Massachusetts Supreme Judicial Court Rule 3.4 (d) as I believe it is

evidence of a failure ... "to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party". Since this objectionable process has already occurred and I have spent approximately 9 hours, including travel time, seeking to depose an inappropriately selected Rule 30 (b)(6) designee I do not know that there is an actual discovery dispute that is capable of resolution at this point in time as euphemistically stated "that cow is already out of the barn". I do however disclose to you that I intend to bring this matter to the Court's attention on December 19th.

4) Your client's continued refusal to provide certain documents on the theory that said documents are "confidential" seems to be particularly unjustified when your client's own Rule 30 (b)(6) designee, Mr. Snyder, has personally reviewed said "confidential documents" but yet has also testified that he has not executed a confidentiality agreement. I believe that the basic legal concept with respect to confidentiality is that if one does not take steps to maintain confidentiality, such as limiting access to the information and requiring individuals to execute confidentiality agreements, there is evidence that the documents are in fact not confidential. Again my client offers to moot all of these "confidentiality" issues by signing a confidentiality agreement as long as it does not impose financial burdens upon HRD Press. If maintaining confidentiality of these documents is truly important to your client then surely it should be willing to bear the expense of maintaining said confidentiality instead of trying to shift the same onto my client who gains no benefit from maintaining confidentiality so as to protect your client's business interests.

Regards,

David J. Noonan, Esq.

# EXHIBIT 5

# ROBINSON & COLE LLP

BRETT J. BOSKIEWICZ

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
bboskiewicz@rc.com
Direct (860) 275-8289

*Via Facsimile*

Also admitted in Massachusetts

December 14, 2006

David J. Noonan, Esq.
Attorney at Law
Suite 1
228 Triangle Street
Amherst, MA  01002

**Re:    Human Resource Development Press Inc. v.
         IKON Office Solutions, Inc., et al.
         Civil Action No.:  3:05-CV-30068-KPN**

Dear Dave:

I write in response to your e-mail dated December 8, 2006 and address each of your four points below.

*1.     December 5, 2006 Subpoenas*

Your statement that "Pursuant to the Court's order, discovery may continue through December 15, 2006" is inaccurate.  The court's September 7th order reads in relevant part:  "Pltf shall take the noticed depos of Defts by 12/15/2006."  This order followed Judge Neiman's order from the bench that allowed you to take only the depositions that you had noticed at that time, which included Glenn Robbins' deposition and the Rule 30(b)(6) deposition of IKON Office Solutions, Inc.  And, you have continuously maintained the position that discovery has closed, despite our offers before and after September 7th to continue the discovery process.  Accordingly, your December 5th subpoenas are improper.

I disagree with your position that you were somehow disadvantaged by receiving IKON's responses to HRD's interrogatories on September 7th.  You asserted this position during the court hearing on September 7th.  Judge Neiman heard your position but issued the order set forth above.  The fact that you did not issue the subpoenas until almost two months after you received IKON's discovery response shows that your client has not been disadvantaged in any way.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

*www.rc.com*

# ROBINSON & COLE LLP

David J. Noonan, Esq.
December 14, 2006
Page 2

In addition, you had noticed IKON's Rule 30(b)(6) deposition before September 7th. Rule 30(b)(6) requires IKON to designate a witness to testify about information known or reasonably available to the corporation about the topics that you have designated. Since you have not indicated otherwise, I presume that the Rule 30(b)(6) deposition has and will provide you with complete discovery in this case. Many of the people that you have listed on the December 5th subpoenas are or were IKON employees and therefore their knowledge about the noticed topics has or will likely be provided by IKON's designee.

Accordingly, IKON maintains its position that the subpoenas that you attempted to serve on me on December 5, 2006 are improper.

2.    *Your November 30, 2006 E-Mail*

I responded to your November 30, 2006 e-mail regarding certain discovery issues by letter dated December 9, 2006. I sent this letter to you via facsimile. Please let me know as soon as possible if you did not receive that letter or if you would like discuss any of those issues further.

3.    *IKON's Rule 30(b)(6) Designee*

Your inference that I "selected" Mr. Snyder as IKON's Rule 30(b)(6) designee does not follow from his testimony. My discussions with IKON about its designation are clearly privileged and will not be disclosed to you. It should be evident, however, that one cannot reasonably deduce that I chose who would testify on behalf of IKON from Mr. Snyder's testimony that he did not personally discuss the issue of his selection with IKON management.

As you know, Rule 37 is available to you if you believe that IKON has not complied with Rule 30(b)(6). I look forward to your Local Rule 37.1(A) correspondence setting forth your specific reasons as to how you believe IKON has not complied with Rule 30(b)(6).

Your accusation that I have somehow violated the Rules of Professional Conduct, specifically Rule 3.4(d), is completely baseless and, frankly, unprofessional. You have accused me of failing "to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." Yet, at the time you made



# ROBINSON & COLE LLP

David J. Noonan, Esq.
December 14, 2006
Page 3

this accusation, you were aware that Mr. Snyder had testified that he had met with me on various occasions to prepare for his deposition, that he had reviewed over 300 pages of documents that have been produced in this case, that he had general knowledge of many of the noticed topics, and that he had taken many steps to educate himself about various other topics. At the time you made this accusation, you also knew that well before the Rule 30(b)(6) deposition I had indicated that IKON believed that Mr. Snyder was the person most knowledgeable to testify about the noticed topics, but if after the deposition you felt that you didn't have all the information you needed, we would discuss designating another witness. During the deposition on December 6th, I repeated the same offer with respect to at least one topic. In addition, I did not obstruct your questioning of Mr. Snyder in any improper way during his deposition – despite the fact that you spent the majority of the time asking questions that have nothing to do with your claims or IKON's defenses and were clearly fishing for fodder for the class action that you have been threatening since you filed this case.

Accordingly, your accusation that I have not been reasonably diligent in complying with your Rule 30(b)(6) deposition notice is completely without merit. I look forward to discussing this matter with Judge Neiman on December 19th.

### 4.    IKON's Confidential Information

IKON takes reasonable steps to protect its confidential business information, including requiring employees to execute written agreements promising to maintain the confidentiality of that information. As I'm sure that you are aware, confidentiality agreements can be separate stand-alone agreements or can be included as part of broader non-competition or other employment agreements. You asked Mr. Snyder whether had signed a "confidentiality agreement" with IKON. He answered that he had not. But in fact, in 1996, Mr. Snyder executed a non-competition agreement that includes a confidentiality provision. I plan to clarify the record at the continuation of his deposition.

Despite my numerous requests, you have still not identified what costs you believe that your client will incur in complying with the proposed confidentiality agreement. I have asked you to explain your position in my November 30th email, at the Rule 30(b)(6) deposition on December 5th, and in my December 9th letter. You have yet to do so, and have, thereby, made it impossible for me to respond to your concern. I



# ROBINSON & COLE LLP

David J. Noonan, Esq.
December 14, 2006
Page 4

hope that we can have a more substantive discussion on this issue before we meet
with the court, as we may be able to resolve this issue without involving the court.

Sincerely,

Brett J. Boskiewicz

