UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
HUMAN RESOURCE DEVELOPMENT          )
PRESS, INC.,                        )
    Plaintiff,                      )
                                    )
        v.                       )     3:05-CV-30068-KPN
                                    )
IKON OFFICE SOLUTIONS, INC.         )
& IOS CAPITAL, INC. d/b/a           )
IKON FINANCIAL SERVICES,            )
    Defendants.                     )
_____ )

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**

      Now Comes, HUMAN RESOURCE DEVELOPMENT PRESS, INC., ("HRD") and opposes the Defendants' IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES ("IKON"), Motion For a Protective Order ("Motion") and relies upon the facts, law and arguments set forth in this Opposition.

Defendants' Reliance Upon The 7 Hour Limitation Contained in Fed. R. of Civ. P. 30 Is Unjustified Since Said Rule Presumes Good Faith Cooperation In Selecting And Preparing A Party's Rule 30 (b)(6) Designee

      Attached as Exhibit 1 to IKON's Motion, is an e-mail from Plaintiff's counsel identifying over 22 examples of IKON's Rule 30 (b)(6) Designee failure to educate himself concerning the topics for questioning as identified in the Plaintiff's Rule 30 (b)(6) Notice of Deposition ("Deficiency Notice"). Attached hereto and marked as Exhibit "A" is

a copy of said Notice of Deposition. Also attached hereto marked as Exhibit "B" & "C" is a copy of the minuscripts of the deposition transcripts of IKON's Rule 30 (b)(6) Designee. A cursory reference to the numerous deposition pages identified in the Deficiency Notice and the reference pages of Exhibit "B" & "C" will demonstrate that the deposition of IKON's Rule 30 (b)(6) Designee was made difficult and unnecessarily lengthy due to the failure of IKON's Rule 30 (b) (6) Designee to be properly prepared for said deposition. As a result, IKON's reliance on the 7 hour limitation contained in Fed. R. of Civ. P. 30 is unjustified and Plaintiff should not be unduly restricted in its further questioning of IKON's Rule 30 (b)(6) Designee.

### Plaintiff's Right To Depose IKON's Rule 30 (b) (6) Designee Concerning Recently Produced "Confidential Documents "

Subsequent to the suspension of the second day of the deposition of Mr. Jeffrey Snyder, IKON, pursuant to Court Order and after the execution of a Stipulated Confidentiality Agreement, produced approximately 80 pages of "confidential" documents. The Plaintiff has not had the opportunity to ask a single question concerning these "confidential" documents.

It is unclear whether IKON's Motion seeks to prevent or limit the Plaintiff's right to depose IKON's Rule 30 (b) (6) Designee concerning these "confidential" documents. To the extent IKON's Motion does seek to prevent or limit the Plaintiff's questions concerning said documents, Plaintiff objects to the same as the Plaintiff had no prior opportunity to complete discovery concerning said recently produced "confidential" documents.

<u>IKON's Argument That Questions Concerning The Acquisition Cost Of The Second Equipment Price Are Outside the Scope of the Rule 30 (b)(6) Notice Are Without Merit And Is Evidence Of IKON's Intentional Plan To Frustrate Plaintiff's Right To Discovery</u>

The Court in its Memorandum and Order dated January 12, 2006 made it quite clear that the Plaintiff had the right to discover facts that either were material and relevant or could lead to facts that were material and relevant in support of Plaintiff's Count IV. Determining the acquisition cost of both the First Equipment and the Second Equipment are essential in establishing whether or not the Plaintiff could have obtained "buy out" terms and conditions for the First Equipment as was offered for the Second Equipment. Discovering this information is also relevant to the Plaintiff's prosecution of its Chapter 93A claim as set forth in Count VII.

The Plaintiff in its Rule 30 (b) (6) Notice Of Deposition ("Exhibit "A") identified 22 separate subject matters which would be examined during the deposition of IKON's Rule 30 (b) (6) Designee. There are at least four separate identified subject matters, namely paragraph numbers 18, 19, 20 & 21 which put the Defendants on notice that they would need to have knowledge of the acquisition cost of the relevant equipment in order to be prepared to answer questions for these four identified subject matters. For example, there is no way that the Defendants could be prepared to answer questions as to how they determined their "rate of return" on its investment in photocopiers without knowing the acquisition cost of said copiers.

<u>A Review Of The Deposition Transcripts Establish That IKON's Testimony Concerning Topic Number 10 Was Deficient</u>

Beginning on page 165 of Exhibit "B", the Plaintiff began a series of questions concerning topic number 10 (See, Exhibit "A", Notice of Deposition, p. 4). Beginning on

3

line 21on page 165 and ending on line 17 on page 168, the Court will see that the deponent made only one phone call in order to educate himself concerning topic number 10 and the information received as a result of said phone call related to General Electric's policies and not either of the Defendants' policies. Additionally and more disturbing, a review of page 57 line 18-23 and page 58 lines 6-12 of Exhibit "C", discloses that the deponent believed he had … "no need to…" take steps to educate himself concerning topic No. 10 and also admitted he did not take any steps to educate himself concerning topic No. 10. A review of these specific pages of the deposition transcripts establish that IKON's position that it has provided adequate testimony concerning topic No. 10 is totally devoid of merit.

      Wherefore, Plaintiff prays this Court deny IKON's Motion and direct and order IKON to submit its Rule 30 (b) (6) Designee for further questioning by deposition and that said designee be compelled to respond to, inter alia, questions concerning all of the recently produced "confidential" documents and those topics identified in Exhibit "A" of IKON's Motion, as topics concerning which the designee was unprepared to testify.

Respectfully submitted this the 9th day of March, 2007.

> The Plaintiff, Human Resources Development Press, Inc.
> By It's Attorney,
>
> <u>/S/ David J. Noonan</u>
> David J. Noonan, Esq.
> 228 Triangle Street
> Amherst, MA  01002
> (413) 549-5491; (413) 549-5156 (fax)
> BBO # 373260

## **CERTIFICATE OF SERVICE**

I, DAVID J. NOONAN, ESQ., hereby certify that on the 9th day of March, 2007 a copy of the herein PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER was served by electronic mail notice upon the counsel and/or parties listed below or served by first class, regular mail, postage prepaid to all parties listed as receiving service by mail.

/s/ David J. Noonan, Esq.

The following is the list of attorneys who are currently on the list to receive e-mail notices and service for this case.

- **Bradford S. Babbitt**     **Brett Boskiewicz**
  bbabbitt@rc.com                bboskiewicz@rc.com

The following is the list of attorneys who are currently on the list to receive service and notices for this case by regular mail.

**None**

5

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
HUMAN RESOURCE DEVELOPMENT  )
PRESS, INC.,                                      )
    Plaintiff,                                  )
                                                    )
v.                                                 )   3:05-CV-30068-KPN
                                                    )
IKON OFFICE SOLUTIONS, INC.        )
& IOS CAPITAL, INC. d/b/a               )
IKON FINANCIAL SERVICES,             )
    Defendants.                             )
_____ )

**NOTICE OF DEPOSITION**

    TO: IKON Office Solutions, Inc.
        C/O Brett Boskiewicz, Esq.
        Robinson & Cole LLP
        280 Trumbull St
        Hartford, CT 06103

    GREETINGS, YOU ARE HEREBY COMMANDED in the name of the United States District Court and pursuant to F. R. of Civ. P. 30 (b) (6) to designate <u>that person or persons</u> from the Defendant IKON Office Solutions, Inc. ("Defendant") having the most knowledge of the factual allegations set forth in Human Resource Development Press, Inc.'s ("Plaintiff" and/or "HRD") First Amended Complaint, dated November 28,

1

2005 ("Amended Complaint") and have the same attend and give testimony before a Notary Public of the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths, at the Defendant's principal place of business at 855 Winding Brook Drive, Glastonbury, Connecticut, on August 17, 2005 commencing at 10 A.M. and continuing thereafter until completed, and to testify, by way of deposition, as to said designated person's (s') knowledge of the matters set forth below.

You are further required to bring with you the following:

1. Copies of any and all documents or records produced in response to the Plaintiff's First Request for Production of Documents of copy of which is attached hereto and marked as Exhibit "A".

## SUBJECT MATTER OF DEPOSITION

In compliance with F. R. of Civ. P. 30 (b) (6) the matters and facts (1) upon which the examination is requested is, inter alia, as follows:

1. The facts which support the Defendant's Answers to paragraphs 3 through 49 of the Amended Complaint, a copy of which is attached hereto and marked as Attachment "B"; and

---

1 The terms used herein have the same meaning as established in the attached Plaintiff's First Request for Production of Documents.

2. The agreements, contracts, or any other documents between Plaintiff and the Defendant, which you believe, govern, affect, control or relate to any prior and/or existing contractual relationship between the Plaintiff and the Defendant.

3. The communications between the Plaintiff and Defendant regarding the creation, negotiation, drafting, intent and execution of the Oce Agreement.

4. The communications between the Plaintiff and Defendant regarding the creation, negotiation, drafting, intent and execution of the Second Agreement.

5. The communications between the Plaintiff and Defendant regarding the creation, negotiation, drafting, or intent of the Executive Financial Summary.

6. The communications amongst and between the employees of the Defendant concerning the Defendant's decision to accept the surrender of possession of the First Equipment from the Plaintiff.

7. The communications between the Plaintiff and the Defendant concerning HRD's responsibilities and obligations pursuant to the Oce Agreement subsequent to the execution of the Second Agreement.

8. The communications between the Defendant and the assignee of the Second Agreement, concerning the allegations and legal arguments asserted by HRD in this Civil Action No. 3:05-CV-30068.

9. The communications amongst and between the Defendant's employees concerning the Defendant's disposition of the First Equipment, subsequent to its surrender to the Defendant by HRD.

10. The Defendant's internal policies or procedures relating to the Defendant's acceptance of the surrender of photocopying equipment which is the subject of an agreement with a customer of the Defendant.

11. How the Defendant determines how to price substitute or replacement photocopier equipment when the Defendant simultaneously accepts, from a customer, the surrender of photocopying equipment which is the subject of an agreement with a customer of the Defendant.

12. The facts which support the Defendant's assertion that the Oce Agreement was a "true lease agreement" and not a "disguised sale agreement".

13. The facts which support the Defendant's assertion that the Second Agreement is a "true lease agreement" and not a "disguised sale agreement".

14. What the condition of the First Equipment was at the time it was surrendered to the Defendant.

15. How the Defendant disposed of all Oce 3100 and/or 3165 photocopying equipment which were surrendered to the Defendant, during the calendar years

1998 through 2000, prior to the expiration of the contract with any third party for said Oce photocopiers.

16. How the Defendant determined that $482,195.77 was the "… Buyout to own…" figure as stated in the Executive Financial Summary.

17. What the value of the First Equipment was at the time it was surrendered to the Defendant.

18. How the Defendant determined what the remaining economic life of the First Equipment or other equipment, at the time said equipment was/is surrendered to the Defendant.

19. How the Defendant purchases its inventory of photocopiers for lease and/or for sale to customers and how the Defendant determines its "rate of return" on its investment in said inventory of photocopiers.

20. How the Defendant determined what amount of monetary or other consideration the Defendant needed to receive in exchange for its disposition of the First Equipment.

21. How the Defendant would determine what dollar amount HRD would be required to pay to the Defendant if HRD sought to purchase the First Equipment.

22. Why the Defendant changed its form "lease" agreements for use during the calendar years 2005 and 2006.

HEREOF FAIL NOT, as failure by any person(s) without adequate excuse to obey and comply with this Notice of Deposition served upon it may be deemed a contempt of the Court in which the action is pending.

DATED at Amherst, Massachusetts the \_\_\_\_ day of July, 2006.

_____
, Notary Public

My Commission Expires:

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on July \_\_\_\_\_, 200_, I served a copy of the within subpoena on the within named in the following manner, by mailing the same by overnight "Express Mail" to Brett Boskiewicz, Esq. Robinson & Cole, LLP 280 Trumbull St, Hartford, CT 06103.

Dated:

_____

Officer/Process Server

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.