UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HUMAN RESOURCE DEVELOPMENT )
PRESS, INC., )
    Plaintiff, )
)
v. )    3:05-CV-30068-KPN
)
IKON OFFICE SOLUTIONS, INC. )
&IOS CAPITAL, INC. d/b/a )
IKON FINANCIAL SERVICES, )
    Defendants. )

## PLAINTIFF'S MOTION PURSUANT TO RULE 15 (a) OF FEDERAL RULES OF CIVIL PROCEDURE FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Now Comes, Human Resource Development Press, Inc. (the "Plaintiff'), pursuant to Rule 15 (a) of the FRCP to file the Plaintiff's Second Amended Complaint. In support thereof the Plaintiff state as follows:

1) The period during which discovery may be conducted in this civil action[1] has expired The court pursuant to an order dated June 20th, 2007 authorized parties to file dispositive motions, including motions to amend, July 10, 2007. In compliance with said motion plaintiff seeks to amend its complaint as follows:

    A) delete those counts previously dismissed by order of this Court; and

    B) provide greater clarity to the factual assertions which support Plaintiffs "fraud and misrepresentation" count as set forth in what was designated Count II in Plaintiffs First Amended Complaint, and

---

[1] Pursuant to an agreement by counsel for Ikon Office Solutions, Inc. Anthony Maturo a Rule 30 (b0(6) deponent has agreed to confirm in writing the answers to certain outstanding questions posed during his deposition Plaintiff expects compliance with said agreement.

C) provide greater clarity to the remedy sought pursuant to the Plaintiffs "fraud and misrepresentation" count in what was designated Count II in Plaintiff's First Amended Complaint; and

D) provide greater clarity to the remedy sought pursuant to the Plaintiffs "failure to dispose of collateral in a commercially reasonable manner" count in what was designated Count IV in Plaintiff's First Amended Complaint;

## LEAVE TO FILE AMENDMENTS TO PLEADINGS SHALL BE FREELY GRANTED

Plaintiff seeks leave of this Court to file its Second Amended Complaint after the completion of discovery and 3+ months prior to the final Pre-trial conference scheduled for October 26, 2007. Additionally the Plaintiff indicated to this Court on June 20th, 2007 the Plaintiff's need and desire to amend its complaint.

The United States Supreme Court has clearly indicated that the phrase contained in Rule 15 (a) "leave to amend a pleading shall be freely given when justice so requires" is a mandate not just a suggestion. (See, Foman v. Davis, 371 U.S. 178. 181 (1962); Pyramid Company of Holyoke v. Homeplace Stores Two, Inc. 175 F.R.D. 415 (U.S.D.C. Mass. 1997). As a result of applicable law and the very early stage in this proceeding in which this motion has been filed, leave to amend the Plaintiffs complaint should be "freely given" and permission to file the Plaintiff's previously filed First Amended Complaint should be given, nunc pro tunc, to November 28th, 2005.

Specific Amendments Sought Pursuant to This Motion

Plaintiff hereby seeks permission to file its Second Amended Complaint with the following specific edits and/or additions as follows,

1) Paragraph 23 of the Plaintiff's First Amended Complaint to read as follows:

"In May and June 2000, as part of the negotiation of the Second Agreement, HRD PRESS asked if it would have any further payment obligations under the First Agreement. IKON, through Jeffrey Snyder, orally represented to HRD PRESS that IKON was simply replacing and substituting the First Agreement with the Second Agreement and that HKD PRESS would have no further payment obligations for the First Equipment  This representation of a material fact was materially false. HRD PRESS reasonably relied upon this false representation of fact.

2) Paragraph 60 of Plaintiff's "Fraud and Misrepresentation" count in what was designated Count II in Plaintiffs First Amended Complaint to read as follows:

**COUNT I**

**(FRAUD AND MISREPRESENTATION) (AS TO FIRST AGREEMENT PAYMENT OBLIGATIONS )**

"60.    As a result of these illegal actions by IKON, HRD PRESS has suffered damages in an amount to be determined at trial and seeks reformation of the Second Agreement so as to delete and

eliminate any obligation to IKON for any payments allegedly due under the First Agreement."

3) Correcting a typographical error contained in the heading of what was designated Count IV in Plaintiffs First Amended Complaint to delete the reference to Chapter 106A so that the heading reads:

## COUNT IV

### (FAILURE TO DISPOSE OF COLLATERAL IN A COMMERCIALLY REASONABLE MANNER IN VIOLATION OF M.G.L. CHAPTER 106 ET SEQ.

4) Inserting as new Paragraph 64 a, of Plaintiffs ""Failure To Dispose of Collateral In A Commercially Reasonable Manner" count in what was designated Count IV in Plaintiffs First Amended Complaint to read as follows:

> "64a  Determine that the First Agreement was an installment sale agreement and not a lease agreement and as a result title to and in the First Equipment vested in HRD PRESS.

5) Paragraph 66 of Plaintiffs ""Failure To Dispose of Collateral In A Commercially Reasonable Manner" count in what was designated Count IV in Plaintiffs First Amended Complaint to read as follows:

> "66  By failing to account for or provide HRD PRESS with any value for the First Equipment IKON and/or IKON FINANCIAL has converted the

property of HRD PRESS and either failed to liquidate its collateral in a commercially reasonable manner and/or violated M.G.L. c. 106 2A et seq. and HRD PRESS has suffered damages in an amount to be determined at trial.

6) Adding a new Count to be designated in Plaintiff's Second Amended Complaint as Count IV to read as follows':

## COUNT IV

### DECLARATORY JUDGEMENT DETERMING THAT SECOND AGREEMENT IS AN INSTALMENT SALE CONTRACT & HRD PRESS HOLDS TITLE TO SECOND EQUIPMENT

"78  HRD PRESS restates and incorporates by reference the allegations contained in paragraphs 1 through 49 of the Complaint.

79. Pursuant to the application of In re Access Equipment, Inc. 62 B.R. 642, (1986) the Second Agreement should be determined to be an installment sales contract and that pursuant to said contract title to the Second Equipment passed to HRD PRESS and title to said Second Equipment should be determined to be held by HRD PRESS."

---

Section C., pages 13 through 16, of the Court's decision dated January 12.2006 applies the law contained in In Re: Access Equipment. Inc. to the facts as alleged by the Plaintiff in the context of whether the Plaintiff will be able to establish that the First Equipment was the subject of a installment sales contract as opposed to a lease agreement. The clear implications of said pages of the Court's decision are that there are already sufficient facts to support claims seeking to establish that the Second Equipment is the subject of an installment sales contract and nor a lease agreement. The plaintiff should be entitled to amend its complaint to establish the same

WHEREEFORE, Plaintiff respectfully prays this Court, for an Order authorizing the Plaintiff to file its Second Amended Complaint with the above referenced edits and/or additions and to conform its "PRAYER FOR RELIEF" to its Second Amended Complaint.

Respectfully submitted this the 10th day of June, 2007.

>HUMAN RESOURCE
>DEVELOPMENT PRESS, INC.
>
>/S/ David J. Noonan
>David J. Noonan, Esq.
>Amherst, MA 01002
>Tel. 413-549-5491
>Fax: 413-549-5156
>BBO#373260

### CERTIFICATE OF SERVICE

I, DAVID J. NOONAN, ESQ., hereby certify that on the 10th day of June, 2007 a copy of the herein PLAINTIFF'S MOTION PURSUANT TO RULE 15 (a) OF FEDERAL RULES OF CIVIL PROCEDURE FOR LEAVE TO FILE SECOND AMENDED COMPLAINT was served by electronic mail notice upon the counsel and/or parties listed below or served by first class, regular mail, postage prepaid to all parties listed as receiving service by mail.

>/s/ David J. Noonan, Esq.

The following is the list of attorneys who are currently on the list to receive e-mail notices and service for this case.

- **Bradford S. Babbitt**  **Brett Boskiewicz**
  bbabbitt@rc.com      bboskiewicz@rc.com

The following is the list of attorneys who are currently on the list to receive service and notices for this case by regular mail.

   **None**