UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., | : : : | |
| Plaintiff, | : : | 3:05-CV-30068-KPN |
| v. | : : : | |
| IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, | : : : : | |
| Defendants. | : | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

More that two years after it filed this lawsuit, Human Resource Development Press, Inc. ("HRD") moved for leave to amend its complaint to add at least one, possibly two, new claims, and to add greater specificity to its allegations. Obtaining leave to amend late in a lawsuit is more difficult than in the early stages when leave should be "freely granted." After discovery has closed and summary judgment motions are scheduled, the moving party has a burden to provide record evidence that shows why its amendments are necessary.

HRD has not done this. Although HRD characterizes this case as being in an early stage, discovery ended months ago, IKON Office Solutions, Inc. ("IKON") has already moved for summary judgment, and the Court has scheduled a trial date. Yet, HRD has not provided any reasons or record evidence to show that its requested amendments are necessary or to explain its delay in seeking these amendments. IKON therefore objects to HRD's requested amendments and also objects because the amendments are unduly late, futile, and not legally viable.

HART1-1413489-1

      A.      **HRD has a burden to provide some valid reason, supported by substantial and convincing evidence, for its neglect and delay in seeking permission to amend its complaint.**

Fed. R. Civ. P. 15(a) provides that a "party may amend the party's pleading only by leave of court … and leave shall be freely given when justice so requires."  This rule, however, "does not provide the courts with a rubber stamp to simply allow every motion to amend without consideration of the merits."  *Patoski v. Jackson*, 477 F.Supp.2d 361, 362 (D. Mass. 2007).  The courts may deny a motion to amend under Rule 15(a) when "the record demonstrates that amendment would be, among other reasons, futile, made in bad faith, the product of undue delay, or a dilatory tactic on the part of the movant."  *Id.* (citations omitted.)

Courts may also deny motions to amend when the movant fails to provide reasons for its delay or fails to support its motion with evidence that supports the need for the amendments.  "When considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay."  *Resnick v. Copyright Clearance Center, Inc.*, 422 F.Supp.2d 252, 256 (D. Mass. 2006); *see also Acosta-Mestre v. Hilton Int'l of P.R.*, 156 F.3d 49, 52 (1st Cir. 1998) (motion to amend was properly denied on the basis it would cause undue delay when filed fifteen months after initial complaint, when discovery almost closed, and "nearly all the case's pre-trial work was complete").  Failure to provide any valid reasons for the delay is alone a sufficient basis for denying the motion.  *Resnick*, 422 F.Supp.2d at 256.

The movant's motion must point to specific evidence in the record that justifies the requested amendments.  "[I]f a party moves to amend after the close of discovery and motions for summary judgment have been docketed, 'the proposed amendment must be not only theoretically viable but also solidly grounded in the record [and] … supported by substantial evidence.'"  *Hutchins v. Zoll Medical Corp.*, 430 F.Supp.2d 24, 37 (D. Mass. 2006).  At this

point in a case, the liberal amendment standard becomes much more stringent and requires the plaintiff to provide "substantial and convincing evidence in support of its amended claims." *Lumbermens Mut. Cas. Co. v. Grinnell Corp.*, 477 F.Supp.2d 327, 334 (D.Mass. 2007).

HRD has not provided <u>any</u> evidence or even any reasons to support its requested amendments, which the law and this Court's rules clearly require.[1]  *See* D. Mass. L. Civ. R. 7.1(B)(1); *Hutchins*, 430 F.Supp.2d at 37.  Its motion should be denied on this basis alone.

    **B.**    **HRD's proposed amendments are futile, unduly late, not legally viable, and unsupported by any reasons or evidence.**

Even if the Court considers the HRD's specific requests, it should deny the requested amendments as futile, unduly late, and not legally viable for the reasons set forth below.

    **1.**    **There is no need for HRD to amend Paragraph 23.**

HRD seeks to change paragraph 23 of its fraud count to identify the particular IKON employee who it claims made the alleged fraudulent statement to HRD.  (M. Leave to Amend at 3.)  The existing paragraph 23, however, adequately informs IKON of HRD's allegations and defines the boundaries of the anticipated evidence.  Accordingly, there is no need for HRD to amend paragraph 23 and such an amendment is futile.  *Resnick*, 422 F.Supp.2d at 256 ("A proposed amendment is futile if it serves no legitimate purpose or is without legal merit.")

    **2.**    **The Court cannot reform the Second Agreement because the assignee of that agreement is not a party to this lawsuit.**

HRD seeks to amend paragraph 60 of the First Amended Complaint to add an additional form of relief that it would like the Court to order if it prevails on its fraud claim – reformation of the Second Agreement.  (M. Leave to Amend at 3-4.)  Again, HRD does not provide any

---

[1] Discovery in this matter officially closed on August 31, 2006.  IKON indicated at the April 3, 2007 case management conference that it planned to file a summary judgment motion in this case.  IKON raised this issue again at the June 21, 2007 case management conference and the Court set forth the briefing schedule on that date.  Therefore, the summary judgment motion had been docketed before HRD decided to file its motion for leave to amend.

reasons, basis, or evidence to show why the Court should allow this amendment. More importantly, however, such an amendment is not legally viable because IKON is not a party to the Second Agreement.

HRD acknowledged over a year ago that the Second Agreement was assigned to General Electric Capital Corporation ("GE Capital") in 2004. (Pltf.'s M. for Joinder of GE Capital, Jun. 30, 2006.) HRD apparently flirted with the idea of joining GE to this action but later chose not to do so. (*Id.*) In fact, HRD was informed that GE held the Second Agreement by counsel for IKON during a status conference with the court in the fall of 2005. Hence, HRD has known for years that *IKON* does not have any legal right or ability to modify the terms of that contract or excuse HRD from its contractual obligations to GE. HRD's requested amendment is therefore not legally viable because the Court cannot reform the Second Agreement and take away any of GE Capital's contractual rights without GE Capital's presence in this case.

HRD's requested amendment is also unduly late. HRD has been aware of this issue since the early stages of this lawsuit. It unsuccessfully attempted to add General Electric Capital Corporation as a party in June 2006. (Order re: Pltf.'s M. Joinder, Jul. 7, 2006.) It began the process of trying to add GE Capital again in December 2006, but chose not to follow through with this attempt. (Dec. 16, 2006 Letter to GE Capital, attached hereto as Ex. A.) Any attempts at remedying its errors or acting on second thoughts by trying to add a reformation claim to this lawsuit would unduly and unfairly prejudice the defendants. HRD has had over a year to properly add GE Capital as a party but has failed to do so. It has failed to meet its burden to provide valid reasons to support its delay in seeking this relief. *See Resnick*, 422 F.Supp.2d at 256 ("the movant has the burden of showing some valid reason for his neglect and delay").

Accordingly, the Court should not permit HRD to make this requested amendment at this late stage of the proceeding.

    **3.    HRD's proposed amendments to Count IV are unnecessary.**

HRD seeks permission to make three amendments to Count IV of the First Amended Complaint. First, HRD seeks to correct a typographical error in the heading to Count IV. (M. Leave to Amend at 4.) While IKON does not object to this change in principle, amending the complaint to effect this change is unnecessary. Both the Court and IKON know that the General Laws do not include a Chapter 106A and therefore this amendment is futile.

HRD also seeks to add the following paragraph to Count IV:

> 64a  Determine that the First Agreement was an installment sale agreement and not a lease agreement and as a result title to and in the First Equipment vested in HRD Press.

This language does not allege any facts that are material to Count IV. It requests a certain form of relief and is therefore not a necessary a necessary element of Count IV – HRD's Article 9 claim.

In addition, such an amendment is unnecessary. In order of HRD to prevail on Count IV, the Court would have to find that Article 9 of the Uniform Commercial Code applies to the First Agreement, which necessarily involves the Court determining that the First Agreement was a sales contract, not a lease. *See* Mass. Gen. Laws ch. 106 §§ 1-201(37), 9-109, 9-610, 9-625 (setting forth Uniform Commercial Code remedy for failure to dispose of collateral in a commercially reasonable manner). Accordingly, this proposed amendment is futile.

Finally, HRD appears to attempt to add a tort claim for conversion as part of its proposed amendment to paragraph 66 of Count IV. (M. Leave to Amend at 4.) It alleges that IKON has "converted the property of HRD PRESS and either failed to liquidate its collateral in a commercially reasonable manner and/or violated M.G.L. c. 106 2A [sic] et seq. …." (Id.)

Again, HRD has not provided any reasons, evidence, or any new factual allegations to support adding a tort claim over two years after it filed its original claims.  HRD's failure to explain its delay in asserting this claim is sufficient grounds for denying the request amendment.  *Resnick*, 422 F.Supp.2d at 256 (denying amendment where plaintiffs had failed to offer a "valid reason" for delay and therefore failed to meet their burden to do so); *Hutchins*, 430 F.Supp.2d at 37 (stating that "in light of Plaintiff's failure to offer an explanation for the late hour of his motion, it would be improper to permit such 'undue delay.'").

More importantly, however, such a tort claim is not legally viable.  To state conversion claim, HRD must allege (1) that IKON intentionally and wrongfully exercised control or dominion over the First Equipment; (2) that HRD had an ownership or possessory interest in the First Equipment at the time of the alleged conversion; (3) that HRD was damaged by IKON's conduct; and (4) if IKON legitimately acquired possession of the First Equipment under a good-faith claim of right, that HRD demanded return of the First Equipment and IKON refused such a demand.  *See Dialogo, LLC v. Santiago Bauza*, 456 F.Supp.2d 219, 226-27 (D. Mass. 2006).  HRD has not provided any record support, evidence, or factual allegations to support a conversion claim.

HRD has alleged that it "surrendered the First Equipment to IKON" when the Second Equipment was delivered.  (First Am. Compl. ¶ 23.)  It has not claimed that IKON's possession of the First Equipment was wrongful or that IKON acquired that possession through bad faith conduct.  HRD has not claimed or provided any proof that it demanded that IKON return the First Equipment to HRD or that IKON refused such a demand.  Accordingly, HRD has not alleged or provided "substantial and convincing" record evidence to support adding a conversion claim and therefore its proposed amendment should be denied.  *Hutchins*, 430 F.Supp.2d at 37

(stating that "the proposed amendment must not only be theoretically viable but also solidly grounded in the record [and] … supported by substantial evidence.")

> **4.  HRD has not met its burden to provide a valid reason for waiting over a year and a half to add a declaratory judgment claim concerning the Second Agreement.**

HRD seeks to add a declaratory judgment claim to determine that the Second Agreement is an installment sales contract and that HRD holds title to the Second Equipment. (M. Leave to Amend at 5.) By its own admission, HRD could have asserted this claim at least as early as January 2006 – over a year and a half ago, before discovery closed and IKON filed its summary judgment motion. (*Id*. at 5, n.2.) Allowing HRD to add this new claim at this point will unduly delay the conclusion of this two-year old lawsuit – a matter involving facts that allegedly occurred seven years ago.

Since this is a new claim, IKON would be entitled to discovery to thoroughly assess the evidence that HRD believes support its contentions. *See e.g. Hutchins*, 430 F.Supp.2d at 37 ("Because discovery would have to be reopened in order for [Defendant] to defend itself adequately against the claims set forth in the amended complaint, the allowance of Plaintiff's motion would result in considerable prejudice.") In order to adequately defend itself, IKON will need obtain all the documents that HRD claims support its allegations and depose witnesses that HRD intends to offer in support of this claim. This process would likely require postponing the November trial date, which would unduly delay this case. Accordingly, the Court should deny HRD's motion for this reason alone.

Again, HRD has not met its burden to explain why it waited for over two years after it filed this lawsuit to assert this claim. *See Resnick*, 422 F.Supp.2d at 256. In its motion, HRD claims:

> Section C., pages 13 through 16, of the Court's decision dated January 12, 2006 applies the law contained in *In re: Access Equipment, Inc.* to the facts as alleged by the Plaintiff in the context of whether the Plaintiff will be able to establish that the First Equipment was the subject of a installment sales contract as opposed to a lease agreement. The clear implications of said pages of the Court's decision are that there are already sufficient facts to support claims seeking to establish that the Second Equipment is the subject of an installment sales contract and not a lease agreement. The plaintiff should be entitled to amend its complaint to establish the same.

(M. Leave to Amend at 5, n. 2.) Through this language, HRD acknowledges that it could have asserted this claim at least as early as January 12, 2006, but never attempts to excuse its year and a half delay. Accordingly, it should not be permitted to add this new claim at this point.

In addition, this footnote is a bizarre and over-stretched reading of the Court's order on IKON's motion to dismiss. The Court did not "apply the law contained in *In re Access Equipment Inc.* to the facts alleged by the Plaintiff…." The order reads: "This is 'nominal consideration,' the Plaintiff maintains, because it is less than 11% of the total contract cost. *See In re Access Equipment, Inc.* 62 B.R. 642, 646 (Bankr. D. Mass. 1986)." (Order at 16.) The Court's language shows that <u>HRD</u>, not the Court, relied on this case as support for its contention. In fact, the Court, declared that the Uniform Commercial Code's definition of nominal consideration applies to this case, not the definition in *In re Access Equipment, Inc.* (Id.)

The Court's order hardly implied that "there are already sufficient facts to support claims seeking to establish that the Second Equipment is the subject of an installment sales contract and not a lease agreement" as HRD contends. In fact, the Court posited the opposite: "For example, it is unclear from the record why Defendants would even mention a 'buyout' in the Financial Summary when the Second Agreement too had no such provision. Since the Second Agreement is practically indistinguishable in its terms from the First Agreement, Plaintiff should have the opportunity to explore the factual issue further." (Order at 16.) HRD's tortured interpretation of

the Court's order does not even address, let alone provide any reasons to explain, HRD's 18-month delay in seeking this amendment. Accordingly, the Court should deny HRD's motion.

**C.    Conclusion**

HRD has not met its legal burden to provide valid reasons for its 18-month delay in seeking leave to amend the First Amended Complaint. Discovery has closed, IKON has filed a summary judgment motion, and the Court has scheduled a trial date. HRD's attempts to add new claims are simply too late. Accordingly, its motion for leave to amend should be denied.

DEFENDANT,
IKON OFFICE SOLUTIONS, INC.


By  /S/ Brett J. Boskiewicz
    Bradford S. Babbitt (BBO# 566390)
    e-mail: bbabbitt@rc.com
    Brett J. Boskiewicz (BBO# 656545)
    e-mail: bboskiewicz@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT  06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299

July 27, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant IKON Office Solutions, Inc.'s DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 27, 2007

    / S /  Brett J. Boskiewicz
Brett J. Boskiewicz