UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS, INC., <br>     Plaintiff, <br><br> v. <br><br> IKON OFFICE SOLUTIONS, INC. <br> &IOS CAPITAL, INC. d/b/a <br> IKON FINANCIAL SERVICES, <br>     Defendants. | 3:05-CV-30068-KPN |

**PLAINTIFF'S OPPOSITION TO IKON'S MOTION TO WITHDRAW ADMISSIONS**

Human Resource Development Press, Inc. ("HRD") hereby opposes Ikon Office Solutions, Inc.'s ("IKON") Motion to Withdraw Admissions ("IKON Motion"). In support of said opposition HRD states as follows:

**IKON IS NOT ENTITLED TO BENEFIT FROM THE "SAFE HARBOR" PROVISIONS OF FED. R. CIV. P. 36(b) DUE TO ITS ONE YEAR DELAY IN SEEKING ITS PROTECTION & THE RESULTING PREJUDICE TO HRD**

IKON's Motion is based on a false factual premise. On page 2, ¶ 2 of IKON's Motion, IKON asserts that "Not once during discovery did HRD claim that …IKON's late response constituted a constructive admission of all of HRD's request for admission. This assertion is simply false. A review of the Court's rulings in this proceeding, the transcripts of three separate case management conferences and IKON's own pleadings will establish that for more than 11 months HRD has brought to both IKON's and the Court's attention the fact that

HRD was relying upon IKON's failure to timely respond to HRD's Request to Admit Facts and that HRD deemed these facts conclusively established.

On August 14, 2006, the Court denied IKON's Motion For an Extension of Time To Respond to Discovery Requests (Docket entry #30). This motion specifically sought an extension of time to respond to Plaintiffs' First Request to Admit Facts. Almost immediately after the denial of this motion, the Court conducted a Case Management Conference on September 7, 2006. During that conference the issue of IKON's failure to timely respond to HRD's First Request to Admit Facts was openly discussed in the context of IKON's argument that counsel for HRD had consented to an extension of time to respond to said discovery. During this Case Management Conference, the Court denied IKON's oral request for an extension of time to respond to said discovery.

On or about November 14, 2006, IKON filed a Motion for Entry of Scheduling Order (Docket entry #30). Said motion itself references several discussions with counsel for HRD regarding discovery. In ¶ 9 of said motion, IKON states "Plaintiffs' counsel stated that he was not inclined to agree to anything about discovery…". Said referenced refusal related to HRD's unwillingness to disregard the effect of IKON's failure to timely respond to discovery requests and its failure to serve any discovery.

On December 19, 2006 the Court conducted an additional Case Management Conference, during this conference the issue of IKON's failure to timely respond to HRD's First Request to Admit Facts was openly discussed. Additionally during the April 3, 2007 Case Management Conference, counsel for

2

HRD again disclosed to IKON and this Court that HRD was relying upon those facts deemed admitted and would seek to amend its complaint based partially on said admissions. During the June 20, 2007 Case Management Conference the same issue was addressed yet again.

Despite having 11 months knowledge of HRD's reliance upon its Request to Admit Facts being deemed admitted, IKON has waited until after discovery is complete to now seek the "safe harbor" provisions of Fed. R. Civ. P. 36 (b). IKON could have easily mitigated its failure and eliminated any prejudice to HRD by seeking to take advantage of the "safe harbor" provision after it missed its deadline and the issues were being openly discussed in the fall of 2006.

It is particularly prejudicial and unfair to HRD to permit IKON to now seek to avoid the effect of the conclusive effect of the facts deemed admitted after A) such a serious delay and B) discovery in this matter has been closed and C) a November trial date has been established.  Because of the corporate status of the defendant, HRD was forced to conduct the vast majority of its deposition examination through  Fed. R. Civ. P. 30 (b)(6). Consistently, IKON's Rule 30 (b)(6) designee,  principally Jeffrey Snyder, either had no knowledge of the subject matters identified for his deposition or alternatively took no steps to educate himself in order to respond to questioning. (See, Plaintiff's Opposition to Defendant's Motion for a Protective Order, Docket entry #30). Because of the time limits imposed by Fed. R. Civ. P. 30 (b)(6), IKON's unprepared 30 (b)(6), designees and IKON's Motion for Protective Order, HRD had to limit its deposition questionings to those factual issues which it deemed still in dispute.

3

A review of the legal standard, established by the 1st Circuit, for determining the existence of "prejudice" which should prevent a litigant from benefiting from the "safe harbor" provisions of Fed. R. Civ. P. 36 (b) will establish that IKON's delay in seeking this protection does constitute "prejudice" to HRD.

The leading cases on this issue in the 1st Circuit are <u>Siguel v. Allstate Life Ins. Co.</u>, 48 F.2d 1211 (1st Cir. 1995) and <u>Brook Village N. Associates v. General Elec. Co</u>., 686 F.2d 66, 70 (1st Cir. 1982). According to <u>Siguel</u> and <u>Brook Village</u>, prejudice "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." <u>Id.</u> Because discovery has closed and a trial date has been established for November 5, 2007, HRD will be prejudiced if IKON's Motion is granted or alternatively if HRD is not allowed to conduct limited additional discovery.

In <u>Siguel</u>, the court found that "there was no 'sudden need' for Siguel to obtain evidence and as a result there was no prejudice. The facts of that case however are markedly different than the facts in the present case. In <u>Siguel</u>, Allstate's attempted to "withdraw its admissions" within 60 days of its failure to respond to Siquel's requests to admit facts. This was soon after the case was initiated and quite a while before a trial likely would occur." <u>Id.</u> These facts are obviously different from the present case where IKON seeks to withdraw its admissions at the 11th hour, after discovery has closed, after its Motion for Summary Judgment was filed, and more than a year after its responses were

4

"conclusively established."  Unlike <u>Siguel</u>, who was still able to conduct discovery subsequent to the time it learned that Allstate would seek to "withdraw its admissions", HRD does not have the same legal luxury.

## **SUMMARY**

HRD had every right to rely upon the conclusive effect of IKON's failure to timely respond to request to admit facts. It had that right due to the fact that IKON for more than 11 months has had knowledge that HRD was relying on said facts being deemed conclusively established. Furthermore, HRD conducted its discovery in proper reliance upon said facts being deemed conclusively established. HRD will suffer that degree of "prejudice" the 1st Circuit has required in order to defeat IKON's Motion.

WHEREFORE, HRD prays this Court to deny IKON's Motion and/or condition its allowance on HRD being allowed limited additional discovery to be completed within the month of September, 2007.

Respectfully submitted this the 10th of August, 2007.

        HUMAN RESOURCE
        DEVELOPMENT PRESS, INC.

        /S/ David J. Noonan
        David J. Noonan, Esq.
        228 Triangle Street
        Amherst, MA 01002
        Tel: (413) 549-5491
        Fax:(413) 549-5156
        Email: david.noonan@verizon.net
        B.B.O. NO. 373260

## **CERTIFICATE OF SERVICE**

The undersigned verifies that Plaintiff's Opposition to Motion To Withdraw Requests was served by electronic mail notice upon the counsel and/or parties. The following is the list of attorneys who are currently on the list to receive e-mail notices and service for this case.

- **Bradford S. Babbitt**    **Brett Boskiewicz**

    bbabbitt@rc.com    bboskiewicz@rc.com

The following is the list of attorneys who are currently on the list to receive service and notices for this case by regular mail.

    **None**

        /S/ David J. Noonan, Esq.