UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT ) <br> PRESS, INC., ) <br>                       Plaintiff ) <br> ) <br> ) <br> ) <br>                v. ) <br> ) <br> IKON OFFICE SOLUTIONS, INC. & ) <br> IOS CAPITAL, INC. d/b/a ) <br> IKON FINANCIAL SERVICES, ) <br>                   Defendant ) | Civil Action No. 05-30068-KPN |

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (Document No. 44)
and DEFENDANT'S MOTION TO WITHDRAW ADMISSIONS (Document No. 51)
September 20, 2007

NEIMAN, C.M.J.

Plaintiff, Human Resources Development Press, Inc. ("HRD"), has moved for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a). Concomitantly, Defendant, IKON Office Solutions, Inc. ("IKON"), has moved pursuant to Fed. R. Civ. P. 36(b) to withdraw "admissions" that HRD contends control certain issues in this case. For the following reasons, HRD's motion to amend will be denied and IKON's motion to withdraw admissions will be allowed.

I. BACKGROUND

For present purposes, there appears to be no dispute as to the following. On March 15, 2005, HRD filed a complaint against IKON arising out of two contracts for copiers entered into between the parties. (See Complaint (Document No. 1),

Introduction.)  The complaint was amended on November 28, 2005.[1]

According to the amended complaint, IKON, in a contract entered into on or about May 20, 1998, provided HRD with two commercial grade copiers ("First Equipment").  (Amended Complaint (Document No. 18) ¶¶ 8-9.)  The second contract, entered into on or about June 19, 2000, provided HRD with four new copiers ("Second Equipment").  (*Id.* ¶¶ 18-19.)  Upon delivery of the Second Equipment, HRD returned the First Equipment to IKON.  (*Id.* ¶ 24.)  The present dispute concerns HRD's claim that IKON continued to charge HRD, improperly, for the First Equipment through the second contract.  (*Id.* ¶ 29.)

In due course, IKON filed a motion to dismiss.  (See Document No. 6.)  As a result of the court's January 12, 2006 ruling on that motion, three of HRD's seven claims survive:  Count II, alleging fraud and misrepresentation as to the first contract's payment obligations; Count IV, alleging failure to dispose of collateral in a commercially reasonable manner in violation of Mass. Gen. L. ch. 106A; and Count VII, alleging a violation of Mass. Gen. L. ch. 93A.

On July 11, 2006, HRD served requests for admissions and other written discovery.  Although responses to these discovery requests were due on or about August 13, 2006, IKON, in early August, moved for a thirty-day extension of time.  Despite HRD's consent to the motion, the court denied IKON's request in the following

---

[1] Although HRD's motion to amend the complaint was not allowed until January 12, 2006, the amendment was "nunc pro tunc," meaning that it had "retroactive legal effect" to the date it was filed, Black's Law Dictionary (7th ed.), *i.e.*, November 28, 2005.  (See Document No. 19 and electronic Order with respect thereto.)

electronic Order dated August 14, 2006:

> Defendant[ ] ha[s] had sufficient time to "investigate and evaluate plaintiff's allegations." Furthermore, such an investigation and evaluation has little to do with answering discovery requests. Finally, the parties are reminded that a case management conference is set for September 7, 2006, at 11:30 a.m., the day before the date to which Defendants seek an extension.

In any event, IKON served HRD with its responses to the requests for admissions at the September 7, 2006 case management conference. Many were denied. At the same time, the court set a revised schedule enabling Plaintiff, but not Defendant, to take certain depositions by December 15, 2006. (Document No. 29.) Further scheduling orders dealing mostly with experts were set on December 19, 2006, and April 3, 2007. (Document Nos. 33 and 38.)

On June 20, 2007, the court held a case management conference. Although a new schedule was not established at that time, the clerk's note from the conference indicates that the parties were given until July 10, 2007, to file dispositive motions. In addition, trial was set to begin November 5, 2007, with a final pretrial conference on October 26, 2007. On July 10, 2007, IKON filed its motion for summary judgment. Later that same day, HRD filed the motion for leave to file a second amended complaint presently before the court.

On July 27, 2007, HRD filed an opposition to IKON's motion for summary judgment in which HRD relied, in small measure, on facts that it asserts were deemed admitted by virtue of IKON's alleged failure to timely respond. (See Document No. 48 at 7.) Promptly thereafter, IKON filed the instant motion to withdraw admissions. Oral

3

argument on IKON's motion for summary judgment is scheduled for September 26, 2007.

## II. DISCUSSION

Although it was filed second, the court will first address IKON's motion to withdraw admissions. It will then turns to HRD's motion for leave to file a second amended complaint. In the end, the court will allow IKON's motion and deny HRD's.

A. IKON's Motion to Withdraw Admissions

As HRD asserts, failure to answer requests for admissions within thirty days after service ordinarily results in those requests being "deemed" admitted. *See* Fed. R. Civ. P. 36(a). However, Rule 36(b) permits a court to allow admissions, including deemed admissions, to be withdrawn "when [(1)] the presentation of the merits of the action will be subserved thereby, and [(2)] the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b). *See Brook Village N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). "District courts have considerable discretion over whether to permit withdrawal" within the parameters of this two-part test. *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990). In the case at bar, the court has concluded that IKON's motion to withdraw its admissions should be allowed.

The first prong of Rule 36(b), which focuses on the merits of the underlying action, can be dealt with quickly. In essence, this prong may be met when the party seeking withdrawal establishes that such withdrawal "would facilitate the development of the case in reaching the truth," *id.*, or when, in contrast, "upholding the admissions

4

would practically eliminate any presentation of the merits of the case," *Siguel v. Allstate Life Ins. Co.*, 1995 U.S. App. LEXIS 46666, at *14 (1st Cir. Mar. 10, 1995) (citing *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D. Conn. 1976)). Such is the situation here.

For example, HRD alleges in Count II that IKON misrepresented that HRD would have no other payment obligations for the First Equipment after IKON replaced such equipment with the Second Equipment. (Amended Complaint ¶ 57.) Although IKON denied that allegation in its answer to HRD's complaint (see Document No. 24), as well as in its late response to HRD's request for admissions (see Admission No. 14), HRD asserts that the denial was of no moment since IKON did not *timely* deny the request to admit. HRD's assertion, in the court's estimation, is putting form significantly over substance. Were the court to accept HRD's argument, IKON's ability to litigate the merits of Count II would be eviscerated. On the other hand, with reference to the language of Rule 36(b), permitting withdrawal will ensure that IKON has the opportunity to fairly engage in a "presentation of the merits of the action" at summary judgment and trial. *See also Brook Village*, 686 F.2d at 71 (implying that courts should be more permissive in allowing withdrawal when the request comes prior to the beginning of trial).

The second prong of Rule 36(b) favors withdrawal as well. As indicated, that requirement states that withdrawal may be permitted where "the party who obtained the admission fails to satisfy the court that withdrawal . . . will prejudice that party." Fed. R. Civ. P. 36(b). *See also Siguel*, 1995 U.S. App. LEXIS 46666, at *14 (placing the

burden of proving prejudice on the party who obtained the admissions). "[P]rejudice under Rule 36(b) relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Brook Village*, 686 F.2d at 70. In the court's estimation, HRD has not met its burden under this second prong.

To be sure, HRD argues that it will be prejudiced because it relied on IKON's deemed admissions when it crafted its deposition questions. *Compare Siguel*, 1995 U.S. App. LEXIS 4666, at *15 (no prejudice because the defendant's motion to withdraw admissions was filed soon after the case was initiated and well before trial). HRD's argument, however, is not convincing. As indicated, HRD had been on notice since at least September 7, 2006, that IKON disputed many of HRD's allegations. Moreover, HRD thereafter took the opportunity to engage in further discovery, in the form of depositions, with regard to the major issue in the case, namely, IKON's alleged charging HRD for the First Equipment via the Second Agreement despite HRD having returned the equipment. Although IKON might well have sought withdrawal sooner, HRD can hardly be surprised by IKON's request to withdraw admissions. In addition, HRD's opposition to IKON's motion for summary judgment is grounded in much more than the admissions, "deemed" or otherwise. In short, it does not appear that HRD will be prejudiced by the withdrawal of any such "admissions" either at summary judgment or at trial. Of course, the withdrawal does not apply to requests for admissions which IKON affirmatively admitted on September 7, 2006, *e.g.*, Admission No. 18.

B. <u>HRD's Motion to Amend</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Supreme Court has stated that the liberal amendment policy of Rule 15(a) is a mandate to be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Even so, an amendment need not be granted in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, etc." *Id.* Here, in the court's estimation, HRD's motion to amend its complaint, twenty-eight months after filing its original complaint, comes too late under Rule 15(a) and would unduly prejudice IKON at this point in time. The court makes three points in this regard.

First, there is little question that a significant amount of time passed between the date HRD first amended its complaint (November 28, 2005) -- let alone the date of the original complaint (March 15, 2005) -- and the date of HRD's latest motion to amend (July 10, 2007). Although Rule 15(a) does not prescribe a particular time limit for a motion to amend, it is well established that such a motion "should be made as soon as the necessity for altering the pleading becomes apparent." 6A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1488 (2003). *See Acosta-Mestre v. Hilton Int'l of P.R.*, 156 F.3d 49, 52 (1st Cir. 1998) (motion to amend denied when filed fifteen months after initial complaint and over a year after the first amendment); *Palmer v. Champion Mortg.*, 465 F.3d 24, 31 (1st Cir. 2006) (affirming denial of motion to amend

that was filed over fifteen months after commencement of the action and more than nine months after initial amendment). Perhaps more to the point, where "considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay." *Acosta-Mestre*, 156 F.3d at 52. Here, HRD offers virtually no explanation as to why it seeks amendments approximately twenty-eight months after the initial complaint and twenty months after the first amendment. More particularly, HRD does not indicate why it could not seek to make the proposed changes much earlier in the litigation.

To be sure, HRD asserts that the court itself "established" July 10, 2007, "as the date for parties to file motions to amend the pleadings" when it held a case management conference on June 20, 2007. (Document No. 54 at 3.) Although there is no scheduling order or docket entry to that effect, the court will accept that assertion as accurate. HRD's argument to the contrary, however, the establishment of a date by which a motion for leave to further amend the complaint, set at the evident request of HRD, cannot be understood as approving the appropriateness, let alone the timeliness, of the motion. Moreover, the court never indicated that it would *allow* any such request to amend. Here, for all the reasons stated, HRD's request appears to be a product of undue delay.

Second, the fact that HRD's motion to amend was filed *after* IKON's motion for summary judgment, albeit by a few hours only, creates a somewhat higher standard for HRD in terms of convincing the court that the requested amendments are necessary. As District Judge Rya Zobel recently observed: "Where leave to amend is sought only

after discovery has closed and summary judgment motions have been filed, 'the proposed amendment must be not only theoretically viable but also solidly grounded in the record,' and 'substantial evidence' must support the allegations of the proposed amended complaint." *Resnick v. Copyright Clearance Ctr., Inc.*, 422 F. Supp. 2d 252, 256 (D. Mass. 2006) (quoting *Hatch v. Dept. for Children, Youth, & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)). Here, HRD has not provided any new evidence, substantial or otherwise, to support its belated request.

Third, allowing HRD's amendments would only engender confusion in this already protracted litigation. Granted, a few of HRD's proposed amendments appear to concern only minor details, (see, *e.g.*, Document No. 44 at 3-4); others, however, go quite further. For example, HRD's fourth request asks the court to "[d]etermine that the first agreement was an installment sale agreement and not a lease agreement." (See *id.* at 4.) This is not only an oddly framed "allegation," it seems unnecessary given the continued existence of Count IV. Similarly, HRD's sixth request, which apparently seeks to add an entirely new claim (see *id.* at 5), could well prejudice IKON now that discovery has ended. *See, e.g.*, *Palmer*, 465 F.3d at 31 (affirming delayed motion to amend which, in part, sought to assert a new legal theory). At bottom, to allow the late amendments HRD proposes would cause unnecessary delay and likely prejudice to IKON.

### III. CONCLUSION

For the reasons stated, IKON's motion to withdraw admissions is ALLOWED and HRD's motion for leave to file a second amended complaint is DENIED.

IT IS SO ORDERED.

DATED: September 20, 2007

      /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
Chief Magistrate Judge