UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HUMAN RESOURCE DEVELOPMENT   )
PRESS, INC.,                 )
     Plaintiff   )
                             )
                             )
   v.                  ) Civil Action No. 05-30068-KPN
                             )
IKON OFFICE SOLUTIONS, INC. &   )
IOS CAPITAL, INC. d/b/a      )
IKON FINANCIAL SERVICES,     )
     Defendant   )

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (Document No. 41)
October 1, 2007

NEIMAN, C.M.J.

  IKON Office Solutions, Inc. ("IKON") has moved for summary judgment with respect to the three remaining causes of action pursued by Human Resources Development Press, Inc. ("HRD"). On September 26, 2007, the court heard oral argument and indicated that it would deny IKON's motion with respect to HRD's fraud and Mass. Gen. L. ch. 93A ("chapter 93A") claims (Counts II and VII, respectively). The court also indicated that it would take Defendant's motion under advisement with respect to HRD's Mass. Gen. L. ch. 106 ("chapter 106") cause of action (Count IV).

  The court issues this memorandum and order in somewhat summary fashion in order to focus the parties' various obligations with respect to the approaching final pretrial conference and trial. At bottom, the court believes, as indicated at oral argument, that genuine issues of material fact exist with regard to HRD's fraud and

chapter 93A claims.  And now, having fully considered the parties' arguments with regard to Count IV, the court has determined that HRD's chapter 106 claim, which alleges a failure on IKON's part to dispose of collateral in a commercially reasonable manner, is not sustainable as a matter of law.  Accordingly, the court will deny IKON's motion with respect to Counts II and VII, but allow the motion with respect to Count IV.

The background to this dispute is spelled out in the court's memorandum and orders dated January 12, 2006, and September 20, 2007, and will not be repeated here.  To summarize, however, IKON, in a contract entered into on or about May 20, 1998, provided HRD with two commercial grade copiers ("First Equipment").  (Amended Complaint (Document No. 18) ¶¶ 8-9.)  A second contract, entered into on or about June 19, 2000, provided HRD with four new copiers ("Second Equipment").  (*Id.* ¶¶ 18-19.)  Upon delivery of the Second Equipment, HRD returned the First Equipment to IKON.  (*Id.* ¶ 24.)  The present dispute concerns HRD's claim that IKON continued to charge HRD, improperly, for the First Equipment through the second contract.  (*Id.* ¶ 29.)

In Count II, HRD alleges that IKON committed fraud or an actionable misrepresentation when it represented that HRD would be absolved of all payment responsibility on the First Equipment upon entering into the second contract.  As the court stated at oral argument, the affidavits of Robert and Gregory Carkhuff, HRD's principales, raise genuine issues as to (1) whether such a representation was made and (2) whether HRD relied on that representation to its detriment.  Similarly, the court indicated that genuine issues of material fact exist as to when HRD should have known

of its injury, thus precluding summary judgment in favor of IKON's statute of limitations defense. *See* Fed. R. Civ. P. 56(c) (noting that summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law").

The court also informed the parties that Count VII, HRD's chapter 93A cause of action, was also not amenable to summary disposition. First, as IKON acknowledged at oral argument, a finding of fraud or misrepresentation often opens the door to chapter 93A liability as an "unfair or deceptive" act or practice. *See, e.g., Hershenow v. Enterprise Rent-A-Car Company of Boston, Inc.*, 840 N.E.2d 526, 533 (Mass. 2006). Second, the court indicated that HRD's chapter 93A claim might conceivably stand on its own.

As to Count IV, HRD's chapter 109 cause of action, IKON asserts in its motion for summary judgment that, given the facts, the statute simply does not apply here. HRD, for its part, contends that it does. The court finds IKON to have the far stronger argument.

To determine whether chapter 106 applies -- and, hence, whether IKON had a duty to dispose of the First Equipment in a commercially reasonable manner -- the court must determine, with reference to Article 2A of the Uniform Commercial Code, whether the first contract involved a sale of goods with a retained security interest, as HRD asserts, or a lease, as IKON maintains. Article 2A states that:

> Whether a transaction creates a lease or "security interest" is determined by the facts of each case; however, a transaction creates a "security interest" if the consideration the lessee is

> to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee, and [only one of the following must be satisfied]:
>
>> (a) the original term of the lease is equal to or greater than the remaining economic life of the goods;
>>
>> (b) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods,
>>
>> (c) the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement, or
>>
>> (d) the lessee has the option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement.

Mass. Gen. Laws. ch. 106 § 1-201(37).

In its January 12, 2006, Memorandum and Order with Regard to Defendant's Motion to Dismiss, the court determined that the first contract satisfied the opening portion of this test since both parties conceded that the contract could not be cancelled. (*See* Document No. 21 at 15.)  The court, however, expressed doubt that HRD could satisfy at least one of the requirements set forth in subparagraphs (a) through (d).  The court stated that (a) through (c) were "outside Plaintiff's reach" and that its subparagraph (d) argument was "convoluted."  (*Id.*)  In the end, however, the court denied IKON's motion to dismiss Count IV in order to give HRD "the opportunity to

4

explore the [subparagraph (d)] issue further." (*Id.* at 16.) The court also stated that it would ultimately have to analyze the issue in terms of the UCC's definition of "nominal" consideration. (*Id.*)

Now, looking down the barrel of IKON's Rule 56 motion, HRD argues that the first contract can be shown to satisfy subparagraph (d). In essence, HRD asserts that the first and second contracts are virtually identical, that there was an implicit "buy out" option for nominal consideration in the second contract, and that "by analogy" there must also be a nominal buy out option in the first. Unfortunately for its cause, this is hardly more than what HRD argued in opposition to IKON's motion to dismiss and, for present purposes, is far too speculative to stave off summary judgment. In sum, HRD has provided no evidence that the subsection (d) buy out requirement can be met with respect to the first contract.

HRD, it should be noted, attempted to resurrect the viability of subsection (a) at oral argument, although it made no specific mention of that subsection in its brief. At best, HRD vaguely asserted that certain facts "establish that the economic useful life of the First Equipment was less than 60 months, i.e., its term." (Document No. 48 at 18 (internal quotation marks omitted).) That argument, however, was not fleshed out in any meaningful way. Moreover, HRD's argument rests, at most, upon two tangential paragraphs from Gregory Carkhuff's affidavit, neither one of which demonstrates that, at the time the contract was executed, the five year term of the first contract was equal to or greater than the remaining "economic life" of the First Equipment. Carkuff's affidavit is not even based on first-hand knowledge, but rather his extrapolation of the

5

depositions of two others, and speaks not of "economic life" but of "residual value." (See *id.* at 17-18.) In the end, therefore the court has been presented with no material facts which could reasonably be expected to raise a genuine issue as to the applicability of subparagraph (a).

There being insufficient evidence for HRD's chapter 106 claim to survive, IKON's motion for summary judgment is ALLOWED with respect to Count IV. For the reasons stated, however, IKON's motion is DENIED with respect to Counts II and VII.

IT IS SO ORDERED.

DATED: October 1, 2007

                                                    /s/ Kenneth P. Neiman
                                                   KENNETH P. NEIMAN
                                                   Chief Magistrate Judge