UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., | : | |
| Plaintiff, | : | |
| v. | : | 3:05-CV-30068-KPN |
| IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, | : | |
| Defendants. | : | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

*1.      IKON objects to the following language on page 1 of the plaintiff's proposed jury instructions:*

> …the Plaintiff claims that the Defendant intentionally misrepresented to the Plaintiff that the Plaintiff would have no further obligations to pay for the "First Equipment" if the Plaintiff exchanged the "First Equipment" for the "Second Equipment" and signed the "Second Agreement.

This language is different than the allegations in the First Amended Complaint, and, implies a *quid pro quo* relationship, namely that IKON voluntarily released HRD from its obligations under the First Lease in exchange for HRD executing the Second Lease.  HRD has not made this claim to date.  Rather, its claim has been consistently been as it alleged in Paragraph 23 of the First Amended Complaint:

> As part of the negotiation of the Second Agreement, HRD Press asked if it would have any further payment obligations under the First Agreement. IKON represented to HRD Press that IKON was simply replacing and substituting the First Agreement with the Second Agreement and that HRD Press would have no further payment obligations for the First Equipment.

Accordingly, the jury instructions proposed by the plaintiff are inconsistent with its allegations.

> *2.     IKON objects to the following language on page 2:*
>
> *…the Plaintiff entered into the "Second Agreement" and without knowing it, obligated itself to pay in excess of $119,000 for the First Equipment even though it had surrendered the First Equipment and no longer had any use or possession of the "First Equipment."*

This language is misleading because it suggests that, absent IKON's alleged fraudulent statement, that HRD did not have any obligation to pay the remaining amount due on the First Equipment. The Court has already ruled that the First Lease was a lease agreement, not a disguised sale. Therefore, HRD had a contractual obligation to make the remaining payments on the First Agreement unless IKON absolved HRD of this obligation regardless of whether it used or possessed the First Equipment.

> *3.     IKON objects to the following language in the second paragraph on page 2:*
>
> *"…the Plaintiff was obligating itself to pay the remaining balance due on the First Agreement."*

This proposed language is misleading. The Court has ruled that the First Agreement was a lease agreement, not a disguised sale. Therefore, HRD was already obligated to pay the remaining balance due on the First Agreement. It did not "obligate itself" to pay this sum "by entering the Second Agreement."

   *4.     IKON objects to the third paragraph on page 2:*

   *"The Defendant denies that it misrepresented any important fact to the Plaintiff."*

   This does not completely state IKON's contentions and, as a result, it is not an accurate statement. IKON has included a complete statement of its position in its requests to charge.

   *5.     IKON objects to proposed instruction number 2 on page 3.*

   This paragraph does not completely state the legal elements of a fraud claim according to Massachusetts law. Specifically, subparagraph E omits the legal requirement that the plaintiff's reliance be reasonable under the circumstances.

   In addition, it includes instructions about fraud-related law that is not relevant to this case. Specifically, subparagraph C includes language that reads "or made it with reckless disregard as to its truth or falsity." This language is irrelevant in this case because the plaintiff has never alleged that IKON made the alleged false statements with reckless disregard for its truth. Moreover, IKON has never claimed that Jeff Snyder did not know that the Second Lease would include the remaining obligation on the First Equipment when he negotiated the Second Lease with HRD. Adding this irrelevant language will needlessly confuse the jury and unfairly IKON.

   *6.     IKON objects to instruction number 5 on page 4.*

   This paragraph sets forth an instruction concerning whether a statement is a statement of fact or an opinion. This information is irrelevant in this case. This Court's ruling on the motion to dismiss eliminated the only opinions at issue in this case. The remaining claim of the plaintiff that the Second Lease would not include any payments due under the First Lease. That is a Statement of fact, not opinion. Adding this irrelevant language will needlessly confuse the jury.

      *7.*     *IKON objects to instruction number 6 on page 5.*

For the same reasons set forth in IKON's objections to Plaintiff's proposed instruction 2, IKON objects to instruction 6. The plaintiff has never alleged that IKON made the alleged false statements with reckless disregard for its truth. This language is therefore unnecessary and will needlessly confuse the jury. The Request to Charge proposed by IKON appropriately addresses this element.

      *8.*     *IKON objects to instruction number 7 on pages 5 and 6.*

This paragraph is irrelevant because the plaintiff's has never made any allegations that would permits the jury to consider reckless falsity. Further, IKON does not contend that Jeff Snyder believed that the remaining obligation on the First Equipment would not be included in the Second Lease. This additional instruction will needlessly confuse the jury.

      *9.*     *IKON objects to instruction number 9 on page 6.*

The cited authority does not support the plaintiff's proposed instruction that "It is not necessary that the statement be the only fact on which the Plaintiff relied in making his decision. If it was only one of several factors which induced the Plaintiff to act or to refrain from acting that is enough." The cited authority merely states the elements of a fraud claim. Giving such an instruction would unfairly prejudice IKON and inaccurately state the law.

      *10.*     *IKON objects to instruction number 10 on page 7.*

This paragraph does not include a complete statement of the relevant law concerning the reasonable reliance element of a fraud claim. This instruction omits the law that precludes a plaintiff from relying on a statement that is obviously false and/or acting with willful blindness. The plaintiff is not entitled to rely on a representation that it knows to be false or its falsity is

obvious to it. If a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious. A person claiming justifiable reliance is required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be obvious if he utilized the opportunity to make a cursory examination or investigation. IKON has included a complete statement of the law in its proposed instruction on the reliance element.

> 11.     *IKON objects to instruction number 12 on pages 7 and 8.*

This paragraph does not completely state the legal elements of a fraud claim according to Massachusetts law. Specifically, subparagraph E omits the legal requirement that the plaintiff's reliance be reasonable under the circumstances.

In addition, it includes instructions about fraud-related law that is not relevant to this case. Specifically, subparagraph C includes language that reads "or made it with reckless disregard as to its truth or falsity." This language is unnecessary in this case because IKON does not contend that Jeff Snyder did not know that Second Lease would include the remaining obligation on the First Equipment when he negotiated the Second Lease with HRD. Adding this irrelevant language will needlessly confuse the jury.

IKON also objects to the use of bold type and all capital letters in subparagraph F "**THEN YOU SHALL FIND FOR THE PLAINTIFF.**" If the jury is allowed a written copy of the charge, this language may unfairly prejudice IKON. At a minimum, the font choice in subparagraph F should be the same as the font choice for instruction number 13, which instructs the jury that it should find for the defendant if the plaintiff has failed to prove any of the required elements.

  *12.*  *IKON objects to instruction 14 on page 8.*

HRD did not disclose any computation of any damages as required by Fed. R. Civ. P. 26 (a)(1)(C). Rule 37(c)(1) therefore precludes HRD from offering any evidence of damages to support its fraud or Chapter 93A claims at trial. *See* Fed. R. Civ. P. 37(c)(1); *Ortiz-Lopez v. Sociedad Espanola de Auxilo Mutuo y Beneficia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (stating that Rule 37(c)(1) is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision 37(a)(2)(A)"); *Nat'l Fire Prot. Ass'n v. Int'l Code Council, Inc.*, 2006 U.S. Dist. LEXIS 14360, *96 (D. Mass. Mar. 29, 2006) (precluding category of damages due to plaintiff's failure to disclose under Rule 26(a)(1)(C)). Therefore, any instruction on damages is improper.

IKON also objects to the inclusion of the word "reckless" in this charge because HRD does not contend that Jeff Snyder made the alleged false statement with reckless disregard for its truth. Accordingly, the use of this word is unnecessary and will needlessly confuse the jury.

IKON also objects to the sentence that reads: "In this case, the Plaintiff claims that the Defendant represented that the Plaintiff would not be obligated to pay any of the dollars which were due and owing under the First Agreement if the Plaintiff signed the Second Agreement." This language is different than the allegations in the First Amended Complaint, and, more importantly, implies a *quid pro quo* relationship, namely that IKON voluntarily released HRD from its obligations under the First Agreement in exchange for HRD executing the Second Lease. HRD has never made this claim. Rather, its claim has been consistently alleged in Paragraph 23 of the First Amended Complaint:

> As part of the negotiation of the Second Agreement, HRD Press asked if it would have any further payment obligations under the First Agreement. IKON represented to HRD Press that IKON was simply replacing and substituting the First Agreement with the Second Agreement and that HRD Press would have no further payment obligations for the First Equipment.

Accordingly, the jury instructions should reflect HRD's actual allegations.

IKON objects to the second paragraph of instruction 14 on page 9. That paragraph, including subparagraph a is redundant and states the same law as the paragraph above it. IKON also objects the plaintiff's proposed damages instruction on an award of interest in subparagraph b. Mass. Gen. Laws ch. 231, § 6B governs prejudgment interest and requires the clerk, not the jury, to calculate prejudgment interest from the date of commencement of the action. The calculation of post-judgment interest is governed by 28 U.S.C. § 1961 and is therefore not an issue for the jury to consider.

  13.  **IKON objects to subparagraphs a, b, and c of instruction 15 on page 10.**

HRD did not disclose any computation of any damages as Fed. R. Civ. P. 26 (a)(1)(C) requires. Fed. R. Civ. P. 37(c)(1) therefore precludes HRD from offering any evidence of damages to support its fraud or Chapter 93A claims at trial. *See* Fed. R. Civ. P. 37(c)(1); *Ortiz-Lopez v. Sociedad Espanola de Auxilo Mutuo y Beneficia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)(stating that Rule 37(c)(1) is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision 37(a)(2)(A)"); *Nat'l Fire Prot. Ass'n v. Int'l Code Council, Inc.*, 2006 U.S. Dist. LEXIS 14360, *96 (D.Mass. Mar. 29, 2006)(precluding category of damages due to plaintiff's failure to disclose under Rule 26(a)(1)(C)).

IKON also objects to instruction 15 because it seeks damages that were not proximately caused by IKON's alleged false statement and because the damages sought are speculative. HRD's voluntary decision to cease making its monthly payments on the Second Lease is the sole

proximate cause of any costs, expenses, attorneys' fees or judgment that HRD may incur in the future in the GE Capital lawsuit. The plaintiff's sole viable claim for damages in this case is the portion of the First Lease payments that were included in the Second Lease and that plaintiff paid. Even if the plaintiff could prove its claims in this case, it could, at best, recover only those portions of its payments under the Second Lease that represented payments due under the First Lease. The plaintiff has no basis for, and has never sought, recission of the Second Lease. Plaintiff's choice not to comply with its contractual obligations under the Second Lease is the sole cause of the action now pending against it for breach of contract. For that reason, this question misstates the recoverable damages. In addition, these proposed damages are speculative because the GE Capital lawsuit is in its very initial phases. No judgment has entered and the amount of the potential judgment, costs, expenses and attorneys' fees that HRD may have to pay is uncertain. Therefore, these damages are speculative and not within the realm of reasonable certainty. *See Pierce v. Clark*, 66 Mass. App. Ct. 912, 914 (2003) ("While it is true that a plaintiff need not prove damages with mathematical certainty, **'**damages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty.")

*14.     IKON objects to the plaintiff's proposed jury instructions because it fails to include an instruction regarding IKON's statute of limitations defense.*

The Court denied IKON's summary judgment motion on this issue, stating that a genuine dispute of material fact existed as to when HRD's claim accrued.  The jury instructions must therefore include an instruction concerning this factual dispute.  IKON has proposed an appropriate charge on this issue in its Requests to Charge.

*15.     IKON objects to the plaintiff's proposed jury instructions because it fails to include an instruction concerning the existence of the written disclaimer in the Second Agreement.*

IKON has included such an instruction in its proposed jury instructions.

DEFENDANT,
IKON OFFICE SOLUTIONS, INC.


By_____/S/ Brett J. Boskiewicz_____
    Bradford S. Babbitt (BBO# 566390)
    e-mail: bbabbitt@rc.com
    Brett J. Boskiewicz (BBO# 656545)
    e-mail: bboskiewicz@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT  06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299

October 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant IKON Office Solutions, Inc.'s DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCT was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2007

/ S /  Brett J. Boskiewicz
Brett J. Boskiewicz