UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., <br>     Plaintiff, <br> <br> v. <br> <br> IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> :   3:05-CV-30068-KPN <br> : <br> : <br> : <br> : <br> : |

**DEFENDANT'S OBJECTIONS TO
PLAINTIFF'S PROPOSED SPECIAL JURY VERDICT FORM**

*1.   IKON objects to the special verdict questions because they do not include a question regarding IKON's statute of limitations defense.*

The Court denied IKON's summary judgment motion on this issue, stating that a genuine dispute of material fact existed as to when HRD's claim accrued. The special verdict questions must therefore include a question concerning this factual dispute. IKON proposes that the following special verdict question be included as the first question:

*1.   "Did the plaintiff know or could the plaintiff have known, prior to March 15, 2002, that it had been harmed by a false statement by the defendant?"*

*2.   IKON objects to question number one.*

This question is inconsistent with the allegations in the First Amended Complaint, and, implies a *quid pro quo* relationship, namely that IKON voluntarily released HRD from its obligations under the First Lease in exchange for HRD executing the Second Lease. HRD has never made such a claim. Rather, its claim throughout has been as alleged in Paragraph 23 of the First Amended Complaint:

> As part of the negotiation of the Second Agreement, HRD Press asked if it would have any further payment obligations under the First Agreement. IKON represented to HRD Press that IKON was simply replacing and substituting the First Agreement with the Second Agreement and that HRD Press would have no further payment obligations for the First Equipment.

Accordingly, the question proposed by the plaintiff is inconsistent with its allegations.

    **3.**    ***IKON objects to question number three.***

This question includes language about fraud-related law that is not relevant to this case. Specifically, the question includes language that reads "or alternatively did the Defendant make the statement with reckless disregard as to its truth or falsity." This language is irrelevant in this case because the plaintiff has never alleged that IKON made the alleged false statements with reckless disregard for its truth. Moreover, IKON has never claimed that Jeff Snyder did not know that the Second Lease would include the remaining obligation on the First Equipment when he negotiated the Second Lease with HRD. Adding this irrelevant language will needlessly confuse the jury and unfairly prejudice IKON and therefore it should be deleted.

    **4.**    ***IKON objects to the absence of a question concerning the reasonableness of the Plaintiff's reliance after question number five.***

The plaintiff's reliance must have been reasonable under the circumstances in order for the plaintiff to succeed on its fraud claim. Accordingly, IKON proposes that the following question be inserted after question number five:

> *If you find that the Plaintiff did in fact rely on a false statement made by the Defendant when it decided to enter the Second Lease, was it reasonable for the Plaintiff to rely on that false statement under the circumstances of this case?*

    **5.**    ***IKON objects to questions 7-12.***

HRD did not disclose any computation of any damages as required by Fed. R. Civ. P. 26 (a)(1)(C). Rule 37(c)(1) therefore precludes HRD from offering any evidence of damages to support its fraud or Chapter 93A claims at trial. *See* Fed. R. Civ. P. 37(c)(1); *Ortiz-Lopez v.*

*Sociedad Espanola de Auxilo Mutuo y Beneficia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (stating that Rule 37(c)(1) is a "self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision 37(a)(2)(A)"); *Nat'l Fire Prot. Ass'n v. Int'l Code Council, Inc.*, 2006 U.S. Dist. LEXIS 14360, at *96 (D. Mass. Mar. 29, 2006) (precluding category of damages due to plaintiff's failure to disclose under Rule 26(a)(1)(C)). Therefore, any instruction on damages is improper.

      6.     ***IKON objects to question number seven.***

IKON objects to this question because HRD has not suffered a financial loss for the full amount of the remaining obligation on the First Equipment that was included in the Second Lease. HRD stopped making its required monthly payments in May 2004 – approximately two years before the term of the Second Lease expired. Therefore, it has not paid the full amount of the remaining obligation on the First Equipment that was included in the Second Lease. As proposed by the plaintiff's question 7 misstates the damages that it could recover.

      7.     ***IKON objects to question number nine.***

IKON objects the plaintiff's proposed question on an award of interest. Mass. Gen. Laws ch. 231, § 6B governs prejudgment interest and requires the clerk, not the jury, to calculate prejudgment interest from the date of commencement of the action. The calculation of post-judgment interests is governed by 28 U.S.C. § 1961. Therefore neither prejudgment nor post-judgment interests are for the jury to consider.

      8.     ***IKON objects to question 12.***

IKON objects to question 12 because it seeks damages that were not proximately caused by IKON's alleged false statement and because the damages sought are speculative. HRD's voluntary decision to cease making its monthly payments on the Second Lease is the sole

proximate cause of any costs, expenses, attorneys' fees or judgment that HRD may incur in the future in the GE Capital lawsuit.  The plaintiff's sole viable claim for damages in this case is the portion of the First Lease payments that were included in the Second Lease and that plaintiff paid.  Even if the plaintiff could prove its claims in this case, it could, at best, recover only those portions of its payments under the Second Lease that represented payments due under the First Lease.  The plaintiff has no basis for, and has never sought, recission of the Second Lease.  Plaintiff's choice not to comply with its contractual obligations under the Second Lease is the sole cause of the action now pending against it for breach of contract.  For that reason, this question misstates the recoverable damages.  In addition, these proposed damages are speculative because the GE Capital lawsuit is in its very initial phases.  No judgment has entered and the amount of the potential judgment, costs, expenses and attorneys' fees that HRD may have to pay is uncertain.  Therefore, these damages are speculative and not within the realm of reasonable certainty.  *See Pierce v. Clark*, 66 Mass. App. Ct. 912, 914 (2003) ("While it is true that a plaintiff need not prove damages with mathematical certainty, **'**damages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty.")

                               DEFENDANT,
                               IKON OFFICE SOLUTIONS, INC.

                               By_____/S/ Brett J. Boskiewicz_____
                                   Bradford S. Babbitt (BBO# 566390)
                                   e-mail: bbabbitt@rc.com
                                   Brett J. Boskiewicz (BBO# 656545)
                                   e-mail: bboskiewicz@rc.com
                                   Robinson & Cole LLP
                                   280 Trumbull Street
                                   Hartford, CT  06103-3597
                                   Tel. No.: (860) 275-8200
October 19, 2007                     Fax No.: (860) 275-8299

## CERTIFICATE OF SERVICE

I hereby certify that Defendant IKON Office Solutions, Inc.'s DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT QUESTIONS was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2007

    _/ S /_ Brett J. Boskiewicz_____
    Brett J. Boskiewicz