UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
HUMAN RESOURCE DEVELOPMENT     )
PRESS, INC.,                   )
     Plaintiff,                )
                               )
v.                             )        3:05-CV-30068-KPN
                               )
IKON OFFICE SOLUTIONS, INC.    )
& IOS CAPITAL, INC. d/b/a      )
IKON FINANCIAL SERVICES,       )
     Defendants.               )
_____)
```

## PLAINTIFF'S MOTION IN LIMINE

NOW COMES, Human Resource Development Press, Inc. (the "Plaintiff") and respectfully pray this Court to prevent the Defendant from introducing evidence the following evidence:

## EVIDENCE THAT CONTRADICTS THE PRIOR DEPOSITION TESTIMONY OF THE DEFENDANT'S DESIGNATED RULE 30 (b)(6) WITNESSES

On April 3, 2007 the Court heard oral argument on a Defendant's Motion for Protective Order. During said oral argument counsel for the Plaintiff indicated that one of the reasons that the Plaintiff's Rule 30 (b)(6) depositions were progressing slowly was due to the need to establish what efforts each Rule 30 (b)(6) deponent took in order to prepare himself for testifying so that the Plaintiff would be in a position to object to the Defendant's introduction of evidence at trial that it was unable to provide at the time of

said Rule 30 (b)(6) depositions. The Court explained that establishing said foundation for each subject matter was not necessary because the Defendant would be bound by the testimony of its designated Rule 30 (b)(6) deponents, stating that if the deponent had no factual knowledge at the time of deposition he would not be allowed to testify as to said fact at trial. Furthermore, the Court indicated that the Defendant, either through the same witness or through different witnesses, would not be able to change its responses to said questions. As a result of said ruling, the Plaintiff seeks a ruling in advance of trial testimony that will prevent the Defendant from seeking to introduce evidence which is contrary to the testimony previously provided by the Defendant's three (3) designated Rule 30 (b)(6) deponents.

Due to the more than 450 pages of deposition testimony of said Rule 30 (b)(6) deponents, it is impractical to attempt to identify, pursuant to this Motion, the exact testimony that should be precluded in advance. As a result, Plaintiff seeks an Order which directs the Defendant to not attempt to introduce evidence that is different from or contradicts the deposition testimony of said Rule 30 (b)(6) deponents.

### **EVIDENCE CONCERNING THOSE FACTS WHICH THE DEFENDANT HAS PREVIOUSLY ADMITTED THROUGH ITS RESPONSES TO REQUEST TO ADMIT FACTS**

Plaintiff seeks an order preventing the Defendant from introducing evidence which would seek to rebut those facts that have been judicially established through the Defendant's responses to certain of the Plaintiffs' First Request to Admit Facts, namely Request for Admission No. 18 & No. 23.

**EVIDENCE CONCERNING THOSE FACTS WHICH THE DEFENDANT, THROUGH ITS RESPONSES TO REQUEST TO ADMIT FACTS, HAS PREVIOUSLY STATED THAT IT COULD NOT RESPOND TO DUE TO A LACK OF INFORMATION**

Plaintiff seeks an order preventing the Defendant from introducing evidence which would seek to rebut evidence introduced by the Plaintiff regarding Request for Admission No. 39 & No. 41 since the Defendant did not have sufficient information to rebut the facts requested to be admitted.

**TESTIMONY FROM FORMER EMPLOYEE DAN SERRENHO**

The Defendant when requested was unable to provide the residential address of its former employee Dan Serrenho in order to enable the Plaintiff to conduct depositions of said former employee. As a result of its prior inability to locate said employee, the defendant Debt should be precluded from seeking to introduce any testimony from said employee.

WHEREFORE, the Plaintiff respectfully prays for an Order limiting and/or precluding the Defendant from introducing the evidence set forth herein.

Respectfully submitted, this the 19th day of October, 2007.

        HUMAN RESOURCE
        DEVELOPMENT PRESS, INC.

/S/ David J. Noonan
David J. Noonan, Esq.
Amherst, MA 01002
Tel. 413-549-5491
Fax: 413-549-5156
BBO#373260

## CERTIFICATE OF SERVICE

I, DAVID J. NOONAN, ESQ., hereby certify that on the 19th day of October, 2007 a copy of the herein PLAINTIFF'S MOTION IN LIMINE was served by electronic mail notice upon the counsel and/or parties listed below or served by first class, regular mail, postage prepaid to all parties listed as receiving service by mail.

/s/ David J. Noonan, Esq.

The following is the list of attorneys who are currently on the list to receive e-mail notices and service for this case.

IKON Counsel

- **Bradford S. Babbitt**      Brett Boskiewicz
  bbabbitt@rc.com              bboskiewicz@rc.com

Case 3:05-cv-30068-KPN    Document 68    Filed 10/19/2007    Page 5 of 5