UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:05-CV-30068-KPN |
| | : | |
| IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S REQUESTS TO CHARGE**

Pursuant to Federal Rule of Civil Procedure 51(a)(1), the defendant IKON Office Solutions, Inc. respectfully requests that the Court instruct the jury on the law as set forth in the following Requests to Charge.

**FIRST REQUEST:  STATUTE OF LIMITATIONS**

The first question that you must consider is whether the plaintiff started this lawsuit within the time limit allowed by the statute of limitations.  The plaintiff claims to have been defrauded.  Ordinarily a claim of fraud must be filed in court within three years of the alleged fraud.  The fraud that the plaintiff claims occurred in this case happened, if at all, on June 19, 2000 - the date on which the plaintiff executed the Second Lease.  The plaintiff filed this case on March 15, 2005.  Accordingly, the plaintiff filed this case too late unless the plaintiff proves to you that it did not know that it had been defrauded and that it could not have known that it had been defrauded at that time and that it filed this suit within 3 years of the date on which it could have known that it had been defrauded.

The plaintiff claims that it did not know until November 2003 that the Second Lease included the remaining payments due under the First Lease. The defendant claims that the plaintiff should have known in July 2000, when it received the Accounting Value Statement from the defendant, that the Second Lease could reasonably have included the remaining payments due on the First Lease.

Thus, the special verdict question put to you is as follows: "Did the plaintiff know or should the plaintiff have reasonably known, prior to March 15, 2002, that it had been harmed by a false statement by the defendant?" Because March 15, 2002 is three years before the case commenced, the plaintiff bears the burden of proving to you that it did not know and could not have reasonably known before that date that the defendant had allegedly made a false statement was in fact false.

The question comes down to when the plaintiff "knew" or "could have known" that it had been harmed by something the defendant is claimed to have done. The plaintiff knew of the alleged fraud when it had actual knowledge.

The plaintiff could have known of the alleged fraud, when a reasonably prudent person could have become aware of the alleged harm. The law does not require that the plaintiff knew or should have known of every fact necessary to prevail on its fraud claim before that claim accrues. Rather, the claim accrues when events occurred or facts surfaced that would cause a reasonably prudent person to become aware that he or she has been harmed. The claim accrues at that point because the law requires the plaintiff to investigate the cause and extent of its harm once it knows or should have known that it had been harmed.

Therefore, if you find that the plaintiff knew or should have known before March 15, 2002 that it had been harmed by the alleged false statement, then you must find for the defendant.

**Authority**

*Riley v. Presnell*, 409 Mass. 239, 243, 565 N.E.2d 780, 784 (1991)

*White v. Peabody Constr. Co., Inc.,* 386 Mass. 121, 130, 434 N.E.2d 1015, 1020–21 (1982)

*Szymanski v. Boston Mut. Life Ins. Co.*, 56 Mass. App. Ct. 367, 370 (2002)

*Micromuse, Inc. v. Micromuse, Plc.*, 304 F.Supp.2d 202, 209 (D.Mass. 2004)

**SECOND REQUEST:  INTENTIONAL MISREPRESENTATION – ELEMENTS**

In this case, the plaintiff claims that the defendant misrepresented a fact – specifically, that the Second Lease did not include a portion of the remaining payments due on the First Lease – The plaintiff claims that it would not have signed the Second Lease had it known that it would still have to pay a portion of the payments due under the First Lease.

The defendant denies that it misrepresented any fact to the plaintiff.  Additionally, the defendant asserts that the plaintiff would have agreed to the Second Lease even if it had known that it included a portion of the payments due under the First Lease.

The plaintiff may recover money damages from the defendant if and only if it proves all of the following by a fair preponderance of the credible evidence:

    1.    that the defendant made a false statement to the plaintiff, and that statement concerned some fact that a reasonable person would consider important to the decision that the plaintiff was about to make;

    2.    that when the defendant made the statement, the defendant knew that the statement was false;

    3.    that the defendant made the false statement with the intention that the plaintiff would rely on that statement in making its decision;

    4.    that in making the plaintiff's decision, it did in fact rely on the defendant's statement as true, and that its reliance was reasonable under the circumstances; and

    5.    that plaintiff suffered some financial loss as a result of relying on the defendant's false statement.

If the plaintiff has proved these five things by a preponderance of the credible evidence, your verdict will be for the plaintiff, and you must then go on to determine the amount of money damages to be awarded to the plaintiff. If the plaintiff has failed to prove any one of these five things, then your verdict must be for the defendant.

**<u>Authority</u>**

*Zimmerman v. Kent,* 31 Mass.App.Ct. 72, 78, 575 N.E.2d 70, 74 (1991)

*Ravosa v. Zais*, 40 Mass.App.Ct. 47, 661 N.E.2d 111, *further app. rev. denied*, 422 Mass. 1108, 664 N.E.2d 1198 (1996)

*JSB Indus. V. Nexus Payroll Servs., Inc.*, 463 F.Supp.2d 103, 107 (D. Mass 2006)

*Danca v. Tunton Savings Bank*, 429 N.E.2d 1129, 1133 (Mass. 1982)

**<u>THIRD REQUEST: SUBJECT OF MISREPRESENTATION—FALSE STATEMENT OF FACT</u>**

The first thing that the plaintiff must prove is that the defendant made a false statement to the plaintiff and that the false statement concerned some fact that a reasonable person would consider important to the decision that the plaintiff was about to make. The defendant can only be held responsible for an intentional misrepresentation about an existing fact. A fact, as opposed

to an opinion, estimate, or intention, is a statement whose truth or falsity is capable of being determined with certainty.  The defendant cannot, however, be held responsible to the plaintiff based solely on its silence on a matter about which it was not asked.  Although the defendant was under no duty to volunteer information, if the defendant spoke on a given point, either voluntarily or at the plaintiff's request, it must have spoken honestly and must have divulged all material facts of which it knew bearing upon the point.

Additionally, deception need not be direct to come within the reach of the law.  If you find that the defendant's statements and conduct combined were calculated to mislead the plaintiff, that they did, in fact, mislead the plaintiff, and that the plaintiff was acting reasonably, then this is enough to constitute intentional misrepresentation.

**Authority**

*Kannavos v. Annino,* 356 Mass. 42, 50, 247 N.E.2d 708, 712 (1969)

*Swinton v. Whitinsville Sav. Bank,* 311 Mass. 677, 678–79, 42 N.E.2d 808, 808–09 (1942)

*Golber v. BayBank Valley Trust Co.*, 46 Mass.App.Ct. 256, 258, 704 N.E.2d 1191, 1193 (1999) (citing *Kannavos v. Annino,* 356 Mass. 42, 48, 247 N.E.2d 708, 711–12 (1969))

*Nota Constr. Corp. v. Keyes Assocs., Inc.*, 45 Mass.App.Ct. 15, 19, 694 N.E.2d 401, 405 (1998) (citing Restatement (Second) of Torts § 551 (1977))

*VMark Software, Inc. v. EMC Corp.,* 37 Mass.App.Ct. 610, 617–18, 642 N.E.2d 587, 593 (1994)

*Zimmerman v. Kent,* 31 Mass.App.Ct. 72, 79–82, 575 N.E.2d 70, 75–77 (1991)

*JSB Indus. V. Nexus Payroll Servs., Inc.*, 463 F.Supp.2d 103, 107 (D. Mass 2006)

*Danca v. Tunton Savings Bank*, 429 N.E.2d 1129, 1133 (Mass. 1982)

**FOURTH REQUEST:  KNOWLEDGE OF FALSITY**

The second thing that the plaintiff must prove is that when the defendant made the statement, the defendant knew that the statement was false.  The defendant is liable if it made a

false statement of fact, knowing it to be false.  Likewise, if the defendant made an unqualified statement about facts, the truth or falsity of which the defendant could have determined with certainty, and the defendant gave the plaintiff the reasonable impression that it was speaking of its own knowledge, then the defendant is not excused from liability if it did not in fact know whether that statement was true or false. The law regards such willful disregard of the facts as equivalent to an intentional misrepresentation.  Actual intent to deceive need not be proven.

**Authority**

*Graves v. R.M. Packer Co.*, 45 Mass.App.Ct. 760, 767 n.12, 702 N.E.2d 21, 26 n.12 (1998)

*Kozdras v. Land/Vest Properties, Inc.,* 382 Mass. 34, 43, 413 N.E.2d 1105, 1111 (1980)

*Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 444, 333 N.E.2d 421, 427 (1975)

*Powell v. Rasmussen,* 355 Mass. 117, 118–19, 243 N.E.2d 167, 168 (1969)

*Pietrazak v. McDermott,* 341 Mass. 107, 110, 167 N.E.2d 166, 168 (1960)

*JSB Indus. V. Nexus Payroll Servs., Inc.*, 463 F.Supp.2d 103, 107 (D. Mass 2006)

*Danca v. Tunton Savings Bank*, 429 N.E.2d 1129, 1133 (Mass. 1982)

**FIFTH REQUEST:  INTENTION THAT PLAINTIFF WOULD RELY UPON FALSE STATEMENT**

The third thing that the plaintiff must prove is that the defendant made the false statement with the intention that the plaintiff would rely on that statement in making its decision.

**Authority**

*JSB Indus. V. Nexus Payroll Servs., Inc.*, 463 F.Supp.2d 103, 107 (D.Mass 2006)

*Danca v. Tunton Savings Bank*, 429 N.E.2d 1129, 1133 (Mass. 1982)

*Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 445, 333 N.E.2d 421, 428 (1976)

**SIXTH REQUEST:  REASONABLE RELIANCE**

The fourth thing that the plaintiff must prove is that in making its decision, the plaintiff did in fact rely on the defendant's statement as true, and that its reliance was reasonable under the circumstances.  Ordinarily, the plaintiff is not required to investigate the truth of assertions that are made to it.  The recipient of a fraudulent misrepresentation of fact is ordinarily justified in relying on its truth, although it might have ascertained the falsity of the representation had it made an investigation. On the other hand, the plaintiff is not entitled to rely on what in the circumstances was obviously meant as puffery or sales talk, nor may it rely upon misrepresentations that are preposterous or palpably false.

The plaintiff is not entitled to rely on a representation that it knows to be false or its falsity is obvious to it.  If a mere cursory glance would have disclosed the falsity of the representation, its falsity is regarded as obvious. A person claiming justifiable reliance is required to use his senses, and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be obvious if he utilized the opportunity to make a cursory examination or investigation.

If the defendant's representations were such as to induce the plaintiff not to undertake an independent examination of the pertinent facts, lulling it into placing confidence in the defendant's assurances, then the plaintiff's failure to ascertain the truth through investigation does not preclude recovery.  [This is so even though the defendant's representations were not consciously false.]

**Authority**

*JSB Indus. V. Nexus Payroll Servs., Inc.*, 463 F.Supp.2d 103, 107 (D.Mass 2006)

*Danca v. Tunton Savings Bank*, 429 N.E.2d 1129, 1133 (Mass. 1982)

*Szymanski v. Boston Mut. Life Ins. Co.*, 56 Mass. App. Ct. 367, 370 (2002)

*Micromuse, Inc. v. Micromuse, Plc.*, 304 F.Supp.2d 202, 209 (D. Mass. 2004)

*Yorke v. Taylor*, 332 Mass. 368, 372–73, 124 N.E.2d 912, 915–16 (1955)

*Kabatchnick v. Hanover-Elm Bldg. Corp.*, 328 Mass. 341, 344, 103 N.E.2d 692, 693–94 (1952)

*Kuwaiti Danish Computer Co. v. Digital Equip. Corp.*, 438 Mass. 459, 468, 781 N.E.2d 787, 795 (2003)

*Collins v. Huculak*, 57 Mass.App.Ct. 387, 392, 783 N.E.2d 834, 839 (2003)

*Snyder v. Sperry & Hutchinson Co.,* 368 Mass. 433, 446, 333 N.E.2d 421, 429 (1975)

**SEVENTH REQUEST:  RELIANCE—CONTRACTUAL DISCLAIMERS**

In this case, the parties agree that their written contract included the following statement:

You agree that the terms and conditions contained in this Master Agreement and in each schedule make up the entire agreement between us regarding the rental of the Product and supersede all prior written or oral communications, understandings, or agreements between the parties relating to the subject matter contained herein, including without limitation, purchase orders … You acknowledge that you have not been induced to enter into this Master Agreement by any representation or warranty not expressly set forth in this Master Agreement.

Such a disclaimer is not an automatic defense to a claim of misrepresentation. In some cases, people sign form agreements stating that no representations have been made to them, while at the same time believing and relying upon representations that, in fact, have been made.

Of course, you may consider such a written disclaimer as some evidence that no representations were made by the defendant.  However, the presence of such a disclaimer is not

conclusive on that issue.  It is for you to determine based on all the evidence, including the disclaimer, whether any representations were, in fact, made.

**Authority**

*Bates v. Southgate,* 308 Mass. 170, 182–83, 31 N.E.2d 551, 558 (1941)

**EIGHTH REQUEST: FINANCIAL LOSS**

The final thing that the plaintiff must prove is that it suffered some financial loss as a result of relying on the defendant's false statement.  To establish financial loss, the plaintiff must prove that it pad some amount of money as a result of a false statement by the defendants that the plaintiff would not otherwise have paid.

**Authority**

*Danca v. Tunton Savings Bank*, 429 N.E.2d 1129, 1133 (Mass. 1982)

*Szymanski v. Boston Mut. Life Ins. Co.*, 56 Mass. App. Ct. 367, 370 (2002)

*Micromuse, Inc. v. Micromuse, Plc.*, 304 F.Supp.2d 202, 209 (D. Mass. 2004)

**NINTH REQUEST:  VERDICT**

If you find that the plaintiff has proven each of these five elements by a fair preponderance of the evidence, then your verdict shall be for the plaintiff.

If you find that the plaintiff has failed to prove even one of these five elements by a fair preponderance of the evidence, then your verdict shall be for the defendant.

**TENTH REQUEST:  DAMAGES**

If the plaintiff has proved each of the five elements that I have explained by a fair preponderance of the credible evidence, then you must go on and determine the amount of

money damages to be awarded to the plaintiff.  By instructing you on damages, I am not suggesting how you should decide this case; I am only informing you what the law is in the event that you reach the issue of damages.  In a case where there has been an intentional misrepresentation, the law provides that the plaintiff may recover the benefit of what it was promised by the defendant.  Thus, you are to award the plaintiff an amount of money that represents the portion of the payments that HRD made on the Second Lease that represents any amounts due under the First Lease.  In other words, if you reach the issue of damages, the plaintiff is entitled to recover damages equal to the portion of the Second Lease monthly payments that it would not have paid absent the defendant's alleged false statement.

**Authority**

*GTE Products Corp. v. Broadway Elec. Supply Co., Inc.*, 42 Mass.App.Ct. 293, 296-97 (1997)

        DEFENDANT,
        IKON OFFICE SOLUTIONS, INC.

        By         /S/ Brett J. Boskiewicz
           Bradford S. Babbitt (BBO# 566390)
           e-mail: bbabbitt@rc.com
           Brett J. Boskiewicz (BBO# 656545)
           e-mail: bboskiewicz@rc.com
           Robinson & Cole LLP
           280 Trumbull Street
           Hartford, CT  06103-3597
           Tel. No.: (860) 275-8200
October 19, 2007           Fax No.: (860) 275-8299

**CERTIFICATE OF SERVICE**

      I hereby certify that Defendant IKON Office Solutions, Inc.'s DEFENDANT'S PROPOSED JURY INSTRUCTIONS was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2007.

                                / S / Brett J. Boskiewicz  
                                Brett J. Boskiewicz