UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., <br><br> Plaintiff, <br><br> v. <br><br> IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, <br><br> Defendants. | 3:05-CV-30068-KPN |

**MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE CONCERNING THE DISPOSITION OF THE FIRST EQUIPMENT**

The defendant IKON Office Solutions, Inc. ("IKON") hereby moves *in limine* to preclude the plaintiff Human Resource Development Press, Inc. ("HRD") from offering the following evidence at trial:

> Any evidence concerning disposition of the First Equipment, including, but not limited to the value that IKON received for the First Equipment after HRD returned that equipment and whether IKON credited HRD any amount for the value of the First Equipment after HRD returned that equipment or had a legal obligation to do so.

Any such evidence is irrelevant to the pending claims and would unfairly prejudice IKON.

Federal Rule of Evidence 403 "directs district courts to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Ferrara & Dimercurio v. St. Paul Mercury*, 240 F.3d 1, 6 (1st Cir. 2001). Unfair prejudice "within this context means an undue tendency to suggest [a] decision on

an improper basis, commonly, though not necessarily, an emotional one." *United States v. Buchanan*, 964 F. Supp. 533, 535 (D. Mass. 1997).

The Court granted summary judgment in favor of IKON on HRD's Article 9 claim. This ruling determined that the First Lease is a true lease, not a sale and grant of a security interest. HRD did not own the First Equipment. Accordingly, IKON did not have a legal obligation to credit HRD for any of the value it received upon disposition of the First Equipment. Any suggestion that IKON acted illegally by not crediting HRD for the value that IKON received for the First Equipment is legally inaccurate and therefore would be an improper basis upon which the jury could make a decisions. *Id.* Such evidence could also improperly appeal to the jury's emotions and cause the jury to view IKON unfavorably.

WHEREFORE, IKON respectfully requests that the Court exclude any evidence concerning disposition of the First Equipment, including, but not limited to the value that IKON received for the First Equipment after HRD returned that equipment and whether IKON credited HRD any amount for the value of the First Equipment after HRD returned that equipment or had a legal obligation to do so.

>DEFENDANT,
>IKON OFFICE SOLUTIONS, INC.
>
>By    /S/ Brett J. Boskiewicz
>Bradford S. Babbitt (BBO# 566390)
>e-mail: bbabbitt@rc.com
>Brett J. Boskiewicz (BBO# 656545)
>e-mail: bboskiewicz@rc.com
>Robinson & Cole LLP
>280 Trumbull Street
>Hartford, CT  06103-3597
>Tel. No.: (860) 275-8200
>Fax No.: (860) 275-8299

October 19, 2007

2

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant IKON Office Solutions, Inc.'s MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE CONCERNING THE DISPOSITION OF THE FIRST EQUIPMENT was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October _____, 2007

      / S /  Brett J. Boskiewicz_____
Brett J. Boskiewicz