UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:05-CV-30068-KPN |
| | : | |
| IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, | : | |
| | : | |
| Defendants. | : | |

### MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING INDUSTRY STANDARDS OR PRACTICES IN THE DOCUMENT PRODUCTION EQUIPMENT INDUSTRY

The defendant IKON Office Solutions, Inc. ("IKON") hereby moves *in limine* to preclude the plaintiff Human Resource Development Press, Inc. ("HRD") from offering the following evidence at trial:

> Any evidence concerning industry standards or practices in the photocopier or document production equipment industry.

HRD alleged in the First Amended Complaint that a "traditional discount for a transaction similar to the size of the Second Agreement ranges from 20-35% off the list price" and that "[a]fter industry consultants reviewed HRD PRESS' Second Agreement, they concluded that HRD PRESS did not receive an 'excellent deal' and that HRD PRESS received less than a 15% discount off the list price." (First Am. Compl. ¶¶ 33, 34.) These statements and any evidence related to these allegations should be excluded because (1) HRD has not identified the "industry consultants" who made these conclusions; (2) these statements and conclusions are the

subject of expert testimony and HRD has not identified any expert witnesses; and (3) these statements are hearsay.

Rule 26(a) required HRD to identify all persons likely to have discoverable information that the disclosing party may use to support its claims. *See* Fed. R. Civ. P. 26(a)(1)(A). HRD did not identify any person in its initial disclosure who it claims made these statements. Accordingly, HRD is precluded from offering a witness at trial to testify about these alleged statements. *See* Fed. R. Civ. P. 37(c)(1); *Ortiz-Lopez v. Sociedad Espanola de Auxilo Mutuo y Beneficia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (Rule 37(c)(1) provides a "self-executing, mandatory sanction for failure to make a disclosure required by Rule 26(a).")

In addition, evidence concerning industry standards may be admitted only through a properly qualified expert witness. *See* Fed. R. Evid. 702; *Levin v. Delva Bros.*, 459 F.3d 68, 79 (1st Cir. 2006) ("Expert testimony on industry standards is common fare in civil litigation."); *Brisbon v. Corkill*, 151 Fed. Appx. 576, 579 (9th Cir. 2005) ("Given proper foundation, expert testimony concerning industry standards is perfectly admissible.) HRD has not disclosed any expert witnesses in accordance with Rule 26(a)(2) or the Court's case management orders. HRD is therefore precluded from offering any testimony concerning this industry-specific information. *See* Fed. R. Civ. P. 37 (c)(1); *Ortiz-Lopez*, 248 F.3d at 34.

These statements are also hearsay if offered through Robert or Gregory Carkhuff – the only two non-IKON witnesses that HRD has identified in its initial disclosures. *See* Fed. R. Evid. 801, 802. These allegations are out of court statements offered to prove their truth – namely that typical discount amount in the industry and that HRD received less than that discount. These statements are therefore inadmissible hearsay. *Id.; U.S. v. Rivera-Hernandez*,

2

497 F.3d 71, 80-81 (1st Cir. 2007) ("out of court statement offered to prove the truth of the matter asserted is inadmissible evidence.")

Paragraph 16 of the Affidavit of Gregory Carkhuff in support of HRD's opposition to IKON's summary judgment motion indicates that Mr. Carkhuff "conducted [his] own independent research concerning photocopier/printer equipment contracts." Any evidence concerning this independent research should be excluded for the same reasons discussed above. This information concerns industry standards or practices of the document production equipment industry and is therefore only admissible as evidence through a properly qualified expert witness. *See Levin*, 459 F.3d at 79; *Brisbon*, 151 Fed. Appx. at 579. In addition, any statements from people with whom Mr. Carkhuff spoke when conducting his research are hearsay if offered to prove the truth of any industry standard contracting practices or other general information about the industry. *See Rivera-Hernandez*, 497 F.3d at 80-81.

Since the beginning of this lawsuit, HRD has threatened to commence a class action lawsuit concerning what it believes are improper or unfair practices in the document production equipment leasing industry. This claim will likely surface again at trial through evidence or argument. Such inflammatory and unfounded statements are irrelevant and prejudicial to IKON in this case for several reasons.

First, such a claim is necessarily based on evidence of industry practices, which, as discussed above, should be excluded because HRD has not disclosed any expert witnesses. Second, HRD's pending claims have nothing to do with any industry-wide practices. The claims are limited to the relationship between IKON and HRD and whether IKON lied to HRD. Third, if HRD disparages the entire industry, the jury will unfairly presume that IKON engages in such conduct merely because it is part of that industry. This "guilt by association" strategy will

prejudice IKON in the jury's eyes and will affect the jury's ability to independently judge IKON's conduct in this case. The Court should not allow HRD to make these allegations during trial.

WHEREFORE, IKON respectfully requests that the Court exclude any evidence concerning industry standards or practices in the photocopier or document production equipment industry.

        DEFENDANT,
        IKON OFFICE SOLUTIONS, INC.


        By   /S/ Brett J. Boskiewicz
           Bradford S. Babbitt (BBO# 566390)
           e-mail: bbabbitt@rc.com
           Brett J. Boskiewicz (BBO# 656545)
           e-mail: bboskiewicz@rc.com
           Robinson & Cole LLP
           280 Trumbull Street
           Hartford, CT  06103-3597
           Tel. No.: (860) 275-8200
           Fax No.: (860) 275-8299

October 19, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that Defendant IKON Office Solutions, Inc.'s MOTION IN LIMINE TO EXCLUDE EVIDENCE CONCERNING INDUSTRY STANDARDS OR PRACTICES IN THE DOCUMENT PRODUCTION EQUIPMENT INDUSTRY was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2007

                                        / S / Brett J. Boskiewicz
                                        Brett J. Boskiewicz