UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., | : | |
| Plaintiff, | : | |
| v. | : | 3:05-CV-30068-KPN |
| IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, | : | |
| Defendants. | : | |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE
RELATING TO HRD'S CHAPTER 93A CLAIM**

The defendant IKON Office Solutions, Inc. ("IKON") hereby moves *in limine* to preclude the plaintiff Human Resource Development Press, Inc. ("HRD") from offering any evidence before the jury relating to HRD's Chapter 93A claim.

Whether particular conduct falls within the scope of Chapter 93A is a question of law. *See Incase v. Timex Corp.*, 2007 U.S.App.LEXIS 12109 (1st Cir. May 24, 2007) ("Although whether a particular set of acts, in their factual setting, is unfair or deceptive is a question of fact, the boundaries of what may qualify for consideration as a [Chapter] 93A violation is a question of law.")  In addition, HRD has represented to the Court that it has chosen not to submit any factual issues concerning its 93A claim to the jury – except, obviously, evidence relating to the alleged fraud.

HRD claims that IKON violated Mass. Gen. Laws ch. 93A by engaging in allegedly unfair or deceptive acts in negotiating and performing the Second Lease.  (First Am. Compl.,

Count VII, ¶75, Ex. E, p. 4.)  The factual allegations that purportedly support this claim fall into the following categories: (1) making fraudulent statements to induce HRD to sign the Second Lease, (2) violating Article 9 of the Uniform Commercial Code, (3) violating Massachusetts' usury laws, and (4) billing HRD for service charges allegedly covered by its contracts with IKON.  None of this alleged conduct meets the legal standard for a violation of Chapter 93A.

      **1.**      **HRD's original fraud allegations do not provide a basis for a Chapter 93A claim.**

HRD claims that IKON violated Chapter 93A by intentionally making two "material and false" representations to HRD in order to induce HRD to execute the Second Lease.  (First Am. Comp., Count VII, ¶75, Ex. E, p. 4.)  First, HRD claims that IKON falsely informed HRD that it was getting a "significant discount" off the list price of the equipment.  (Id.)  Second, HRD claims that IKON lied to HRD and told it that the 2000 Agreement did not include the "service/maintenance or supplies charges for the First Equipment."  (Id.)  Neither of these statements supports a Chapter 93A claim.

This Court has already determined that the alleged statement that HRD was getting a "significant discount" does not rise to the level of actionable fraud.  (Mem. and Order With Regard to Defendant's Motion to Dismiss, at. 6-7.)  Therefore, this factual allegation cannot support HRD's Chapter 93A claim and should be precluded from evidence.

HRD has admitted that IKON did not include the service/maintenance or supply charges for the First Equipment in the Second Agreement.  HRD's counsel stated during oral argument on IKON's summary judgment motion that HRD has abandoned any claims based on this allegation.  Therefore, this statement, if made to HRD, was not false and therefore cannot support a fraud or Chapter 93A claim.

> **2. The Court has determined that IKON did not violate the Uniform Commercial Code.**

The Court granted summary judgment in favor of IKON on HRD's Uniform Commercial Code claim and determined that Article 9 did not apply in the alleged circumstances. The alleged conduct, therefore, cannot support a Chapter 93A claim and should be excluded.

Even if IKON had violated some commercial law obligation to HRD, the alleged conduct does not rise to the level of a Chapter 93A violation. A mere breach of legal obligation under commercial law, without more, does not amount to an unfair or deceptive act under Chapter 93A. *See Shaanxi Jinshan TCI Elecs. Corp. v. FleetBoston Fin. Corp.*, 61 Mass. App. Ct. 41, 49 (Mass. App. Ct. 2004) (wrongfully dishonoring a letter of credit in violation of the Uniform Commercial Code did not violate Chapter 93A); *Framingham Auto Sales v. Workers' Credit Union*, 41 Mass. App. Ct. 416, 418 (Mass. App. Ct. 1996) (holding that breach of commercial law did not amount to a violation of Chapter 93A without allegations of a pernicious purpose, ulterior motive, or extortionate or coercive objective). Any evidence concerning these allegations should therefore be excluded.

> **3. The Court has already determined that Massachusetts usury laws do not apply in this case.**

HRD also claims that IKON charged and collected interest payments that exceeded Massachusetts usury laws. The Court has already determined that Massachusetts usury laws do not apply to the First Lease and therefore this allegation cannot support HRD's 93A claim. (Mem. & Order with Regard to Defendant's Motion to Dismiss at. 10-13.)

> **4. HRD's allegations that IKON billed it for charges allegedly included in its contracts cannot support a Chapter 93A claim.**

The last factual allegation of HRD's 93A claim stems from HRD's belief that IKON consistently invoiced HRD for service charges that HRD contends were covered by the First

3

Lease or Second Lease.  (First Am. Compl., Count VII, ¶75, Ex. E, p. 4.)  This alleged conduct does not amount to a Chapter 93A violation.

"[A] good faith dispute as to whether money is owed, or performance of some kind is due, is not the stuff of which a c. 93A claim is made."  *Duclersaint. v. Fannie Mae*, 696 N.E.2d 536, 540 (Mass. 1998).  HRD's allegations amount to nothing more than a simple contract dispute about whether it owed IKON money.  It has not made any claims of extortionate or coercive conduct that could bring this dispute within the scope of Chapter 93A.

In addition, HRD cannot prevail on a Chapter 93A claim based on this conduct because it does not claim that it actually paid the allegedly improper invoices.  *See J.E. Pierce Apothecary, Inc. v. Harvard Pilgrim Health Care, Inc.*, 365 F. Supp. 2d 119, 148 (D. Mass. 2005) (holding that a plaintiff must prove that it has suffered a loss of money or property as a result of the alleged unfair or deceptive act).  In fact, three of the four invoices that HRD claims were improper have hand-written notes on them that read "DO NOT PAY."  (First Am. Compl., Ex. C.)

Finally, Chapter 93A's four-year statute of limitations bars any claims based on these allegations.  The allegedly improper invoices are dated January 20, 2000, April 20, 2000, September 20, 2000, and September 21, 2000.  (*Id.*)  The "DO NOT PAY" notes on the invoices demonstrate that HRD believed on or about the invoice date that the charges were improper.  Therefore, any claim based on these invoices accrued on or about their invoice date.  Since HRD filed this lawsuit in March 2005 – beyond the four-year limitations period – a Chapter 93A claim based on these invoices is time-barred.  Accordingly, these invoices and any evidence concerning these invoices should be excluded.

WHEREFORE, IKON respectfully requests that the Court exclude any evidence concerning relating to HRD's Chapter 93A claim, other than evidence relating to the alleged fraud claim.

DEFENDANT,
IKON OFFICE SOLUTIONS, INC.


By     /S/ Brett J. Boskiewicz
    Bradford S. Babbitt (BBO# 566390)
    e-mail: bbabbitt@rc.com
    Brett J. Boskiewicz (BBO# 656545)
    e-mail: bboskiewicz@rc.com
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT  06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299

October 19, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that Defendant IKON Office Solutions, Inc.'s MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO HRD'S CHAPTER 93A CLAIM was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 19, 2007

                                                               _/ S /_ Brett J. Boskiewicz_____
                                                               Brett J. Boskiewicz