UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC., & IOS CAPITAL, INC., d/b/a/ IKON FINANCIAL SERVICES,<br><br>Defendants. | 3:05-CV-30068-KPN |

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE CONCERNING INDUSTRY STANDARDS OR PRACTICES IN THE DOCUMENT PRODUCTION EQUIPMENT INDUSTRY**

The Plaintiff, Human Resource Development Press, Inc. ("HRD") hereby opposes the Defendant, IKON Office Solutions, Inc's ("IKON") Motion to Preclude Evidence Concerning Industry Standards or Practices In the Document Production Equipment Industry ("Motion"). In support thereof HRD states as follows:

1) HRD's does not seek to introduce "expert testimony" concerning any of the practices of the document production equipment industry nor does it seek to prosecute a class action after the completion of the trial of this matter. HRD seeks to introduce evidence as to what IKON and only IKON did in this particular

1

business transaction.  In order to prevent relevant and material evidence relating only to the transactions involved in this civil action, IKON  misrepresents HRD's evidentiary intent.

2)  In order to support its fraud and misrepresentation claim as well as its Chapter 93A claim,  HRD must have the right to introduce evidence that IKON did not at the relevant point in time have any standard form which it completed and gave to customers, such as HRD, in order to disclose to customers that IKON was "rolling into" a substitute contract obligations which may be due and owing under an existing contract. The existence or nonexistence of such a disclosure form and whether it was used in this particular case is directly relevant to HRD's proof of the fraud alleged in the civil action.

3) Evidence which indicates whether or not those IKON employees who were directly involved in the negotiating of the Second Agreement received training for how to disclose or alternatively how to avoid disclosing the fact that customers such as HRD, would have the financial obligations of their existing contract "rolled into"  a substitute contract is material evidence concerning whether or not IKON's  alleged fraud was intentional and will also tend to establish the business practice it used in its dealings with HRD while IKON was conducting business in the Commonwealth of Massachusetts.

4) Unless HRD is allowed to introduce evidence to the limited degree set forth above, HRD's right to introduce evidence to support its intentional fraud and Chapter 93A claims will be prejudiced.

Wherefore the Plaintiff, Human Resource Development Press, Inc., requests that the Court deny the Defendant, IKON Office Solutions, Inc.'s Motion in Limine to Preclude Evidence Concerning Industry Standards Or Practices in the Document Production Equipment Industry.

>THE PLAINTIFF
>Human Resource Development Press, Inc.
>By Its Counsel
>
>/s/ David J. Noonan, Esq.
>228 Triangle Street
>Amherst, MA  01002
>Tel: 413-549-5491
>Fax: 413-549-5156
>david.noonan@verizon.net
>BBO# 373260

**CERTIFICATE OF SERVICE**

I, DAVID J. NOONAN, ESQ., hereby certify that on the 22 day of October, 2007 a copy of the herein PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE CONCERNING INDUSTRY STANDARDS OR PRACTICES IN THE DOCUMENT PRODUCTION EQUIPMENT INDUSTRY

was served by electronic mail notice upon the counsel and/or parties listed below or served by first class, regular mail, postage prepaid to all parties listed as receiving service by mail.

The following is the list of attorneys who are currently on the list to receive e-mail notices and service for this case.

IKON Counsel

- **Bradford S. Babbitt**     **Brett Boskiewicz**
  bbabbitt@rc.com           bboskiewicz@rc.com

                                        /s/ David J. Noonan, Esq.