UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HUMAN RESOURCE DEVELOPMENT PRESS INC., <br><br>　　　　Plaintiff, <br><br>v. <br><br>IKON OFFICE SOLUTIONS, INC. & IOS CAPITAL, INC. d/b/a IKON FINANCIAL SERVICES, <br><br>　　　　Defendants. | : <br> : <br> : <br> : <br> : <br> : 　　3:05-CV-30068-KPN <br> : <br> : <br> : <br> : <br> : <br> : |

**IKON OFFICE SOLUTIONS, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE**

The defendant IKON Office Solutions, Inc. ("IKON") respectfully submits this memorandum in opposition to plaintiff Human Resource Development Press, Inc.'s ("HRD") motion in limine. With the exception of the fourth request, which IKON does not oppose, HRD's motion seeks blanket orders preventing IKON from introducing broad categories of evidence. Entering such orders would leave IKON in the dark as to what evidence would or would not be proper. HRD's concerns are more appropriate for trial objections, which would allow specific evidence to be evaluated in the context in which it is offered.

**I.　　HRD's first request is impractical and unnecessary because the Federal Rules of Civil Procedure allow HRD to use a Rule 30(b)(6) deposition for impeachment.**

HRD first seeks an order precluding IKON from introducing any evidence that is inconsistent with deposition testimony under Rule 30(b)(6). (HRD's Motion in Limine at 1-2.) HRD has failed to articulate any particular deposition testimony that it does not want contradicted and further failed to identify any specific inconsistent evidence that it anticipates

will be adduced at trial. Essentially, HRD wants this Court to issue an order that prohibits IKON from adducing any evidence that could be argued to contradict any statement that it made during its deposition. As shown below, such an order would be both impractical and unnecessary.

Rule 30(b)(6) allows a party to obtain deposition testimony from a corporation through designated witnesses who speak for the corporation. "The testimony of the person or persons so designated [under Rule 30(b)(6)] is the testimony of the corporation and, if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose." *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987); *see also* Fed. R. Civ. P. 32. Rule 32 allows the plaintiff to use a Rule 30(b)(6) deposition to impeach an inconsistent statement that the corporation makes at trial. *Id.* Therefore, HRD's motion is unnecessary.

Moreover, HRD's motion attempts to have the Court declare that all 450 pages of testimony under Rule 30(b)(6) constitute judicial admissions and, therefore, conclusively establish whatever facts may be stated within that testimony. HRD cites no authority for this extreme request. Rule 32 contradicts this position and gives HRD the ability to use IKON's deposition to impeach it should IKON's witnesses testify inconsistently with the Rule 30(b)(6) deponents. HRD is charged with knowledge of any previously-made statements and may use any such statements for impeachment or other purposes. This motion is nothing more than an attempt to take the easy way out – by preventing any inconsistent statements whatsoever, rather than, as the Rules and tradition have established, reacting to such a statement and using a deposition to take advantage of such a statement.

HRD's motion is also impractical. If granted, the Court would have no idea what evidence it has precluded because HRD has chosen not to identify any inconsistent evidence that it anticipates might be adduced. Similarly, IKON would have no idea what evidence had been

2

excluded, until it was too late, because HRD has failed to identify what deposition testimony it thinks that IKON may try to contradict. Thus, the only purpose served by granting the motion would be to require the Court to consider, after the fact, whether some piece of testimony offered at trial had in some way, arguably contradicted testimony given under Rule 30(b)(6). Because such a motion would serve no valid or useful purpose, because neither the Court nor the parties could know what has been precluded and because Rule 32 grants HRD a full and complete remedy for any inconsistency between testimony at trial and in the deposition, the Court should deny this motion.

> **II. HRD's second and third requests are premature and seek to exceed the scope of Rule 36.**

HRD's motion in limine also improperly seeks to give more effect to IKON's responses to its requests for admission than Rule 36 allows. (HRD's Motion in Limine at 2-3.) HRD seeks an order precluding IKON from offering evidence to rebut certain admissions that IKON made in response to HRD's requests for admission. (*Id*.) It is unclear, however, exactly what evidence HRD wants excluded and therefore IKON does not know what effect entering HRD's requested order could have.

Again, the Federal Rules of Civil Procedure provide the applicable framework and guidance. Rule 36 and the related case law clearly state that an admission operates to "conclusively establish" the fact admitted. *See* Fed. R. Civ. P. 36. Therefore, there is no need for HRD's requested orders. And again, HRD has not articulated any particular evidence that it seeks to preclude. Its requested order does not adequately inform IKON of what evidence would be improper under such an order. HRD can make this objection at trial to specific evidence. Without knowing what evidence HRD seeks to preclude, its objections are premature.

### III.  HRD's third request improperly seeks to create a judicial admission based on IKON's lack of knowledge concerning a particular question.

HRD's third request seeks an order preventing IKON from introducing any evidence concerning certain topics in HRD's requests for admission that IKON did not have sufficient knowledge or information to admit or deny.  (HRD's Motion in Limine at 3.)  For example, HRD seeks to prevent IKON from offering any evidence concerning whether HRD paid for maintenance charges for the First and Second Equipment.  IKON did not have this information in its possession because it sold its former subsidiary and financing company to General Electric Capital Corporation before this lawsuit began.  As a result, IKON did not have financial records in its possession and could not answer this question.  HRD had ample opportunity to add GE Capital as a party or to conduct third party discovery, however, to obtain the necessary information.  It chose not to do so.  Now, HRD seeks a broad order to preclude IKON from offering any evidence *from any source* concerning this subject area.  Such an order would prevent IKON from cross-examining HRD about whether and to whom it made such payments.  Again, HRD's concerns are premature and should be reserved for trial.

Essentially, HRD seeks an order that would create a judicial admission based on IKON's inability to admit or deny HRD's request.  Nothing in Rule 36 provides for such a remedy.  *See* Fed. R. Civ. P. 36(b).  Rule 36, however, does provide a remedy for a party to challenge another party's response or inability to respond to a request for admission.  *See* Fed. R. Civ. P. 36(a) ("The party who has requested the admissions may move to determine the sufficiency of the answers or objections.")  HRD did not take advantage of this remedy.  It cannot now, on the eve of trial, claim that IKON's responses are insufficient and prevent IKON from asking HRD about the same topic.

Moreover, the motion that HRD seeks ignores the fact that sources other than IKON exist that would have information on the facts referenced in the requests to admit. For example, HRD itself clearly has information from which it was be established that HRD has continued to pay service and supply charges to a third-party with respect to the so-called "second equipment." The plaintiff cannot be permitted to hide that fact by precluding evidence *from any source* that could establish facts of which IKON was unaware. Accordingly, HRD's motion should be denied.

                              DEFENDANT,
                              IKON OFFICE SOLUTIONS, INC.

                              By_____/S/ Brett J. Boskiewicz_____
                                  Bradford S. Babbitt (BBO# 566390)
                                  e-mail: bbabbitt@rc.com
                                  Brett J. Boskiewicz (BBO# 656545)
                                  e-mail: bboskiewicz@rc.com
                                  Robinson & Cole LLP
                                  280 Trumbull Street
                                  Hartford, CT  06103-3597
                                  Tel. No.: (860) 275-8200
October 22, 2007                  Fax No.: (860) 275-8299

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant IKON Office Solutions, Inc.'s IKON OFFICE SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 22, 2007.

    / S / Brett J. Boskiewicz
Brett J. Boskiewicz